UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT O'SULLIVAN    )
    Plaintiff         )
                    )  CIVIL ACTION
VS.                 )  NO.
                    )
VIRCO, INC., RYDER TRUCK RENTAL,    )
INC., AS TRUSTEE OF RYDER TRUCK     )
RENTAL LT., and BOBBY E. MCKUNN     )
    Defendants     )

05  10863  GAO

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The Defendant, Bobby E. McKunn (hereinafter "the Defendant"), files this Notice of Removal of the stated cause from the Plymouth Superior Court, Plymouth County, Massachusetts, in which it is now pending, to the District Court of the United States for the District of Massachusetts.

In support hereof, the Defendant states as follows:

1. The Plaintiff in the above-entitled action, Robert O'Sullivan, filed a Complaint in the Superior Court, Plymouth County, Massachusetts, on March 17, 2005, seeking monetary damages for injuries allegedly sustained in a motor vehicle accident that occurred on or about March 15, 2003 in Tennessee.

2. The Plaintiff claims to have sustained the alleged injuries as a result of the negligence of the Defendant, Bobby E. McKunn. The Plaintiff further alleges that Mr. McKunn's employer, Virco, Inc., is vicariously liable for Mr. McKunn's alleged negligence, and that the Defendant, Ryder Truck Rental, Inc., is

vicariously liable as the owner of the vehicle operated by Mr. McKunn at the time of the alleged accident.

3. The above-entitled action is a cause removable from the State Court to the District Court of the United States under the provisions of Title 28, United States Code, Section 1441.

4. The matter in controversy is monetary in character, and exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

5. At all material times as alleged in the Plaintiff's Complaint, the Plaintiff was a resident of the State of Massachusetts.

6. At all material times as alleged in the Plaintiff's Complaint, the Defendant, Virco, Inc., was a corporation duly organized under the laws of the State of Delaware and maintained a principal place of business in the State of California.

7. At all material times as alleged in the Plaintiff's Complaint, the Defendant, Ryder Truck Rental, Inc., was duly formed under the laws of the State of Delaware and maintained a principal place of business in the State of Florida.

8. At all material times as alleged in the Plaintiff's Complaint, the Defendant, Bobby E. McKunn, was a resident of the State of Arkansas.

9. As such, the above-entitled action is one of which the District Court of the United States is given original jurisdiction pursuant to Title 28, United States Code, Section 1332.

10. This Notice of Removal is filed in this Court within thirty (30) days after the receipt by the Defendant of a copy of the Plaintiff's Complaint and the time for filing this Notice of Removal has not expired.

11. Written notice of the filing of this Notice of Removal will be given to all adverse parties as required by law.

12. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Plymouth County, Massachusetts, as provided by law.

13. Copies of all pleadings, process and orders served upon the Defendant, Bobby McKunn are attached hereto as Exhibit 1 and incorporated herein by reference.

WHEREFORE, the Defendant, Bobby E. McKunn, respectfully requests the removal of this action from the Superior Court of Plymouth County, Massachusetts, to the United States District Court, District of Massachusetts.

>                                Respectfully Submitted,
>                                The Defendant,
>                                Bobby E. McKunn,
>                                By his Attorney,
>
>                                _____
>                                Clark W. Yudysky, BBO # 538210
>                                TOOMEY & YUDYSKY LLP
>                                99 Summer Street
>                                Boston, MA  02110
>                                (617) 946-0930

Dated: 4/28/05

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the removing party, Defendant, Bobby E. McKunn, do hereby certify that I served a copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,** on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Scott D. Peterson, Esquire
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481

Ryder Truck Rental, Inc.
3600 N.W. 82nd Avenue
Miami, FL 33166

Date: 4/28/05            Attorney: [signature]

SV 60440.1 4/27/05

# EXHIBIT NO. 1

COMMONWEALTH OF MASSACHUSETTS

RECEIVED
MAR 17 2005
PLYMOUTH SUPERIOR COURT

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO.: 05-0313 B

ROBERT O'SULLIVAN,
    Plaintiff

V.

VIRCO, INC., RYDER TRUCK RENTAL,
INC., AS TRUSTEE OF RYDER TRUCK
RENTAL LT., and BOBBY E. MCKUNN
    Defendants

## COMPLAINT & JURY DEMAND

### PARTIES

1. The plaintiff, Robert O'Sullivan (hereinafter "plaintiff"), is an individual who resides in Hingham, Plymouth County, Massachusetts.

2. The defendant, Virco, Inc. (hereinafter "Virco"), is a corporation duly organized under the laws of the State of Delaware and maintains a principal place of business at 2027 Harpers Way, Torrance, CA 90501. Virco is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts. Virco's Resident Agent is National Registered Agents, Inc. 303 Congress Street, Boston, MA 02110.

3. The defendant, Ryder Truck Rental, Inc. is the trustee of the Ryder Truck Rental LT (hereinafter "Ryder"), a trust duly formed under the laws of the State of Delaware and maintains a principal place of business at 3600 N.W. 82nd Avenue, Miami, FL 33166. Ryder is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts.

4. The defendant, Bobby E. McKunn (hereinafter "McKunn") is an individual who resides in Morrilton, Conway County, Arkansas. McKunn was at all relevant times an employee or agent of Virco and was acting within the scope of his employment or agency at the time at all relevant times.

1

## FACTS

5. On or about March 15, 2003, the plaintiff, a commercial truck driver, and while in the course of his employment for Boston Truck Co., Inc., was operating a 1999 International box truck owned by and registered to SST Leasing Corporation, bearing Massachusetts registration number "K10-469."

6. The plaintiff was traveling East-bound on Interstate 40, a public way, at or near Mile Marker 18 in the State of Tennessee.

7. At the same place and time, McKunn was operating a 2000 Freightliner Conventional FLC120 tractor and trailer bearing Illinois registration number "P352866" (hereinafter "tractor trailer").

8. At this same place and time, McKunn was similarly traveling East-bound on Interstate 40, at approximately Mile Marker 18 in Tennessee.

9. According to the Illinois Secretary of State, Ryder is the registered owner of a 2000 Freightliner Conventional FLC120 bearing Illinois registration number "P352866."

10. Based upon information and belief, McKunn was employed by Virco and was acting within the course and scope of his employment at the date, time, and place of the subject accident.

11. McKunn operated the tractor trailer entrusted to him negligently, and caused or at least contributed to the motor vehicle accident in which the plaintiff was injured.

### COUNT I
### O'Sullivan v. McKunn
### Negligence

12. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. McKunn, while operating a motor vehicle on a public way, owed a duty of reasonable care to the plaintiff, another driver on the public way.

14. McKunn breached his duty of reasonable care to the plaintiff.

15. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not yet fully recovered.

2

16. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his usual activities.

    WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Bobby E. McKunn, in an amount that fairly and reasonably compensates him for his injuries and damages, statutory interest, and his costs in prosecuting this action.

## COUNT II
### O'Sullivan v. Virco
### Respondeat Superior

17. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

18. At the time and place of the subject accident, the defendant, McKunn, was an agent, servant, and/or employee of the defendant, Virco.

19. At the time and place of the subject accident, the defendant, McKunn and was acting within the scope of his employment by Virco.

20. The defendant, Virco, is vicariously liable for the defendant, McKunn's negligence.

21. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

22. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

    WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Virco, Inc., in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

## Count III
### O'Sullivan v. Ryder Truck Rental, Inc, as Trustee
### Vicarious Liability as Owner

23. The plaintiff re-alleges and incorporates by reference the

3

allegations contained in paragraphs 1 through 11 above.

24. At the time and place of the subject accident, the vehicle operated by the defendant, McKunn, was owned by and/or registered to the defendant, Ryder.

25. Evidence that the vehicle operated by the defendant, McKunn was registered in the name of the defendant, Ryder, as owner, constitutes *prima facie* evidence that it was the being operated by and under the control of a person for whose conduct the defendant, Ryder, is legally responsible.

26. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

27. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Ryder Truck Rental, Inc., as trustee of Ryder Truck Rental LT, in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### JURY CLAIM

The plaintiff, Robert O'Sullivan, claims a trial by jury on all issues to which he is entitled.

The plaintiff,
Robert O'Sullivan,
By his attorney,

Scott D. Peterson
BBO No.: 548556
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481
(781) 431-0040 x202

DATED: March 16, 2005

7241\complaint

4

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Plymouth | Docket Number |
|---|---|---|
| PLAINTIFF(S): Robert O'Sullivan | DEFENDANT(S): Virco, Inc., Ryder Truck Rental, as trustee, and Bobby E. McKunn | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott D. Peterson - Healy & Healy, P.C. 15 Walnut Street, Suite 400 Wellesley Hills, MA 02481 Board of Bar Overseers number: 548596 | ATTORNEY (if known) | |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | M.V. Negligence | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................. $21,239
   2. Total Doctor expenses ............................................. $28,350
   3. Total chiropractic expenses ....................................... $ -
   4. Total physical therapy expenses ................................... $ 7,673
   5. Total other expenses (describe) ................................... $ 6,805
                                                           Subtotal  $64,067
B. Documented lost wages and compensation to date ............. $68,907
C. Documented property damages to date ............................. $
D. Reasonably anticipated future medical and hospital expenses ...... yes $
E. Reasonably anticipated lost wages ............................. yes $
F. Other documented items of damages (describe) $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
The plaintiff sustained a herniated disc, which required disc fusion surgery. The plaintiff is now disabled from his employment as a commercial truck driver.
$132,974
$............
TOTAL: $............

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____ DATE: 3/17/05

A.O.S.C. 2003

Commonwealth of Massachusetts
County of Plymouth
The Superior Court

CIVIL DOCKET# **PLCV2005-00313-B**

RE:   **O'Sullivan v Virco, Inc. et al**

TO: Scott D Peterson, Esquire
Healy & Healy
15 Walnut Street
Suite 400
Wellesley Hills, MA 02481-2102

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 06/15/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/14/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/14/2005 |
| All motions under MRCP 15 filed | 08/14/2005 |
| All discovery requests and depositions completed | 01/11/2006 |
| All motions under MRCP 56 served and heard | 02/10/2006 |
| Final pre-trial conference held and firm trial date set | 03/12/2006 |
| Case disposed | 05/11/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to session B sitting in CtRm 1 (Court Street, Plymouth) at Plymouth Superior Court.

Dated: 03/17/2005

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 448236 inidoc01 santospa

PLYMOUTH, ss.  COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. PLCV2005-313B

Robert O'Sullivan
..................................................................., Plaintiff(s)

vs.

Virco, Inc. et al
..................................................................., Defendant(s)

## SUMMONS

To the above-named defendant: Bobby McKunn

You are hereby summoned and required to serve upon Scott D. Peterson plaintiff attorney, whose address is 15 Walnut St. Wellesley, MA 02481, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ..................................................... day of ..................................................., in the year of our Lord Two thousand and ........................ .

CLERK

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):..........................................................................................

Dated:            , 200 ...................................................................................................

N.B.  **TO PROCESS SERVER:-**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

200

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

## CIVIL COVER SHEET

℠JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
O'Sullivan, Robert

**DEFENDANTS** Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn

(b) County of Residence of First Listed Plaintiff: **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Scott D. Peterson, Esq., HEALY & HEALY, PC, 15 Walnut St., Ste. 400, Wellesley Hills, MA 02481, 781-431-0040

Attorneys (If Known): Clark W. Yudysky, Esq., TOOMEY & YUDYSKY LLP, 99 Summer St., Boston, MA 02110

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 USC 1332 - diversity**
Brief description of cause: **Motor vehicle negligence/personal injury**

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **In excess of $75,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/28/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

(stamp: 05-10863 GAO)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  __Robert O'Sullivan v. Virco, Inc. et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    XX   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

    V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES          NO  XX

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                            YES          NO  XX
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES          NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES          NO  XX

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                            YES  XX      NO

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division  XX       Central Division           Western Division

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division            Central Division           Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                            YES          NO  XX

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  __Clark W. Yudysky__
ADDRESS  __TOOMEY & YUDYSKY LLP 99 Summer St., Boston, MA, 02110__
TELEPHONE NO.  __617-946-0930__

(CategoryForm.wpd - 2/15/05)