UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN,<br>    Plaintiff<br><br>VS.<br><br>VIRCO, INC., RYDER TRUCK RENTAL,<br>INC., AS TRUSTEE OF RYDER TRUCK<br>RENTAL LT., and BOBBY E. MCKUNN<br>    Defendants | CIVIL ACTION<br>NO. 05-CV-10863-GAO |

## ANSWER AND JURY DEMAND OF THE DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN

The defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, hereby respond to the plaintiff, Robert O'Sullivan's Complaint, as follows:

### PARTIES

1. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of the Complaint.

2. The defendants admit that Virco, Inc. is a foreign corporation organized under the laws of Delaware with a principal place of business in Torrance, California but are without sufficient knowledge to either admit or deny the remainder of paragraph 2 of the Complaint.

3. The defendants admit that Ryder Truck Rental, Inc. is a foreign corporation organized under the laws of Florida with a principal place of business in Miami, Florida but are without sufficient knowledge to either admit or deny the remainder of paragraph 3 of the Complaint.

4. The defendants admit that, at all times material hereto, Bobby E. McKunn was an individual residing in Morrilton, Arkansas but are without sufficient information to either admit or deny the remainder of paragraph 4 of the Complaint.

## FACTS

5. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of the Complaint.

7. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint.

8. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 8 of the Complaint.

9. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 9 of the Complaint.

10. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. The defendants deny the allegations contained in paragraph 11 of the Complaint.

## COUNT I
## O'Sullivan v. McKunn
## Negligence

12. The defendants repeat and incorporate herein by reference their answers to paragraphs 1-11 of this Answer.

13. The allegations of paragraph 13 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

14. The defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The defendants deny the allegations contained in paragraph 16 of the Complaint.

## COUNT II
## O'Sullivan v. Virco
## Respondeat Superior

17. The defendants repeat and incorporate herein by reference their answers to paragraphs 1-16 of this Answer.

18. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 19 of the Complaint.

20. The allegations of paragraph 20 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

21. The defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The defendants deny the allegations contained in paragraph 22 of the Complaint.

## COUNT III
## O'Sullivan v. Ryder Truck Rental, Inc., as Trustee
## Vicarious Liability as Owner

23. The defendants repeat and incorporate herein by reference their answers to paragraphs 1-22 of this Answer.

24. The defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 24 of the Complaint.

25. The allegations of paragraph 25 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

26. The defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The defendants deny the allegations contained in paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on behalf of the plaintiff against the defendants for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against the defendants was caused in whole or in part or was contributed to by the negligence, act or failure to act of the plaintiff and such negligence, act or failure to act exceeded any negligence, act or failure to act on the part of the defendants, or the plaintiff's claimed damages must be reduced, all as provided by applicable law.

### THIRD AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against the defendants was caused in whole or in part or was contributed to by the negligence, act or failure to act of some other person whose conduct the defendants were not and are not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The defendants state that the damages and injuries allegedly suffered by the plaintiff were not proximately caused by the acts or failure to act of the defendants.

### FIFTH AFFIRMATIVE DEFENSE

The action of the plaintiff is barred or the plaintiff's damages must be reduced as a result of plaintiff's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

The venue of this action is improper.

### SEVENTH AFFIRMATIVE DEFENSE

The process and/or service of process in this action is insufficient.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff assumed the risk of the plaintiff's own actions.

### NINTH AFFIRMATIVE DEFENSE

Any claim of the plaintiff against the defendants is barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff has waived any claim he may have against the defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendants claim an exemption from tort to the extent that the plaintiff is entitled to recover under the provisions of a motor vehicle liability policy or bond that provides personal injury protection benefits.

### TWELFTH AFFIRMATIVE DEFENSE

A necessary party has been failed to be joined.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendants state that the substantive law of Tennessee applies in this case.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claim of the plaintiff against the defendants is barred by the applicable Tennessee statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as said claims are barred by the applicable Tennessee statute of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the person of the defendants.

WHEREFORE, the defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, respectfully request that the plaintiff's Complaint be dismissed as to the defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, with costs.

### JURY DEMAND

The defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, demand a trial by jury on all counts and issues so triable.

Respectfully Submitted,
The Defendants,
Virco, Inc., Ryder Truck Rental, Inc. As
Trustee of Ryder Truck LT.
and Bobby E. McKunn
By their Attorney,

Clark W. Yudysky, BBO # 538210
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Dated: 5/5/05

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the Defendants, Virco, Inc., Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn, do hereby certify that I served a copy of the foregoing **DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE OF TYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN'S ANSWER AND JURY DEMAND**, on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

> Scott D. Peterson, Esquire
> HEALY & HEALY, P.C.
> 15 Walnut Street, Suite 400
> Wellesley Hills, MA 02481

Date: 5/5/05          Attorney: [signature]

SV 60803.1 5/5/05