## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT O'SULLIVAN,<br>Plaintiff | ) | |
| | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION |
| | ) | NO.  05-CV-10863-GAO |
| VIRCO, INC., RYDER TRUCK RENTAL, | ) | |
| INC., AS TRUSTEE OF RYDER TRUCK | ) | |
| RENTAL LT., and BOBBY E. MCKUNN | ) | |
| Defendants | ) | |

## NOTICE OF FILING

The Defendant, Bobby E. McKunn, by and through his counsel, hereby notices the

filing of the following:

1.   **CERTIFIED COPY OF THE CIVIL DOCKET IN THE PLYMOUTH
     SUPERIOR COURT**; and,

2.   **CERTIFIED COPIES OF ALL RECORDS AND PROCEEDINGS IN
     THE PLYMOUTH SUPERIOR COURT.**

Respectfully Submitted,
The Defendant,
Bobby E. McKunn,
By his Attorney,

5/5/05

Clark W. Yudysky, BBO # 538210
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930

## <u>CERTIFICATE OF SERVICE</u>

I, Clark W. Yudysky, counsel for the, Defendant, Bobby E. McKunn, do hereby certify that I served a copy of the foregoing **NOTICE OF FILING,** on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Scott D. Peterson, Esquire
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481

Date: _5/5/05_                     Attorney: _____

bmd  60887.1  5/4/05

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

### PLCV2005-00313
### O'Sullivan v Virco, Inc. et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/17/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/29/2005 | **Session** | B - Civil B - CtRm 1 (Plymouth) | | |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/15/2005 | **Answer** | 08/14/2005 | **Rule12/19/20** | 08/14/2005 |
| **Rule 15** | 08/14/2005 | **Discovery** | 01/11/2006 | **Rule 56** | 02/10/2006 |
| **Final PTC** | 03/12/2006 | **Disposition** | 05/11/2006 | **Jury Trial** | Yes |

#### PARTIES

**Plaintiff**
Robert O'Sullivan
Active 03/17/2005

**Private Counsel 548596**
Scott D Peterson
Healy & Healy
15 Walnut Street
Suite 400
Wellesley Hills, MA 02481-2102
Phone: 781-431-0040
Fax: 781-431-0154
Active 03/17/2005 Notify

**Defendant**
Virco, Inc.
Service pending 03/17/2005

**Defendant**
Ryder Truck Rental
Served: 03/30/2005
Served (answr pending) 04/12/2005

**Defendant**
Bobby E. McKunn
Served: 03/29/2005
Served (answr pending) 04/12/2005

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/17/2005 | 1.0 | Complaint, Jury Claim & civil action cover sheet filed |
| 03/17/2005 | | Origin 1, Type B03, Track F. |
| 04/12/2005 | 2.0 | Affidavit of service of Bobby E. McKunn, return receipt. |

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

# PLCV2005-00313
## O'Sullivan v Virco, Inc. et al

| Date | Paper | Text |
|------|-------|------|
| 04/12/2005 | 3.0 | Affidavit of service of Ryder Truck Rental, Inc., return receipt |
| 04/29/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

A TRUE COPY ATTEST

*Francis R. Powers*

CLERK

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Plymouth | Docket Number 05- 0313 B |
|---|---|---|

| PLAINTIFF(S) Robert O'Sullivan | DEFENDANT(S) Virco, Inc., Ryder Truck Rental, as trustee, and Bobby E. McKunn |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott D. Peterson - Healy & Healy, P.C. 15 Walnut Street, Suite 400 Wellesley Hills, MA 02481 Board of Bar Overseers number: 548596 | ATTORNEY (if known) |
|---|---|

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 1 7 2005

Burt R. Powers
CLERK

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97, s.104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | M.V. Negligence | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $21,239.
  2. Total Doctor expenses .................................................. $28,350.
  3. Total chiropractic expenses ........................................... $ -
  4. Total physical therapy expenses ...................................... $ 7,673.
  5. Total other expenses (describe) ...................................... $ 6,805.
      Subtotal $64,067.
B. Documented lost wages and compensation to date ........................... $68,907.
C. Documented property damages to date ..................................... $
D. Reasonably anticipated future medical and hospital expenses ....yes...... $
E. Reasonably anticipated lost wages ................................yes...... $
F. Other documented items of damages (describe) ............................ $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)    $132,974.
The plaintiff sustained a herniated disc, which required disc fusion surgery. The plaintiff is now disabled from his employment as a commercial truck driver.

$.............
TOTAL: $.............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL    $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____ DATE: 3/17/05

A.O.S.C. 2003

A TRUE COPY ATTEST

Burt R. Powers
CLERK

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO.: 05-0313 B

ROBERT O'SULLIVAN,
     Plaintiff     )

V.         )

VIRCO, INC., RYDER TRUCK RENTAL,
INC., AS TRUSTEE OF RYDER TRUCK
RENTAL LT., and BOBBY E. MCKUNN
     Defendants     )



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAR 1 7 2005

CLERK

## COMPLAINT & JURY DEMAND

### PARTIES

1.    The plaintiff, Robert O'Sullivan (hereinafter "plaintiff"), is an individual who resides in Hingham, Plymouth County, Massachusetts.

2.    The defendant, Virco, Inc. (hereinafter "Virco"), is a corporation duly organized under the laws of the State of Delaware and maintains a principal place of business at 2027 Harpers Way, Torrance, CA 90501. Virco is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts. Virco's Resident Agent is National Registered Agents, Inc. 303 Congress Street, Boston, MA 02110.

3.    The defendant, Ryder Truck Rental, Inc. is the trustee of the Ryder Truck Rental LT (hereinafter "Ryder"), a trust duly formed under the laws of the State of Delaware and maintains a principal place of business at 3600 N.W. 82nd Avenue, Miami, FL 33166. Ryder is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts.

4.    The defendant, Bobby E. McKunn (hereinafter "McKunn") is an individual who resides in Morrilton, Conway County, Arkansas. McKunn was at all relevant times an employee or agent of Virco and was acting within the scope of his employment or agency at the time at all relevant times.

1

## FACTS

5.  On or about March 15, 2003, the plaintiff, a commercial truck driver, and while in the course of his employment for Boston Truck Co., Inc., was operating a 1999 International box truck owned by and registered to SST Leasing Corporation, bearing Massachusetts registration number "K10-469."

6.  The plaintiff was traveling East-bound on Interstate 40, a public way, at or near Mile Marker 18 in the State of Tennessee.

7.  At the same place and time, McKunn was operating a 2000 Freightliner Conventional FLC120 tractor and trailer bearing Illinois registration number "P352866" (hereinafter "tractor trailer").

8.  At this same place and time, McKunn was similarly traveling East-bound on Interstate 40, at approximately Mile Marker 18 in Tennessee.

9.  According to the Illinois Secretary of State, Ryder is the registered owner of a 2000 Freightliner Conventional FLC120 bearing Illinois registration number "P352866."

10. Based upon information and belief, McKunn was employed by Virco and was acting within the course and scope of his employment at the date, time, and place of the subject accident.

11. McKunn operated the tractor trailer entrusted to him negligently, and caused or at least contributed to the motor vehicle accident in which the plaintiff was injured.

### COUNT I
### O'Sullivan v. McKunn
### Negligence

12. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. McKunn, while operating a motor vehicle on a public way, owed a duty of reasonable care to the plaintiff, another driver on the public way.

14. McKunn breached his duty of reasonable care to the plaintiff.

15. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not yet fully recovered.

16.   As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his usual activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Bobby E. McKunn, in an amount that fairly and reasonably compensates him for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### COUNT II
### O'Sullivan v. Virco
### *Respondeat Superior*

17.   The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

18.   At the time and place of the subject accident, the defendant, McKunn, was an agent, servant, and/or employee of the defendant, Virco.

19.   At the time and place of the subject accident, the defendant, McKunn and was acting within the scope of his employment by Virco.

20.   The defendant, Virco, is vicariously liable for the defendant, McKunn's negligence.

21.   As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

22.   As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Virco, Inc., in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### Count III
### O'Sullivan v. Ryder Truck Rental, Inc, as Trustee
### Vicarious Liability as Owner

23.   The plaintiff re-alleges and incorporates by reference the

allegations contained in paragraphs 1 through 11 above.

24. At the time and place of the subject accident, the vehicle operated by the defendant, McKunn, was owned by and/or registered to the defendant, Ryder.

25. Evidence that the vehicle operated by the defendant, McKunn was registered in the name of the defendant, Ryder, as owner, constitutes *prima facie* evidence that it was the being operated by and under the control of a person for whose conduct the defendant, Ryder, is legally responsible.

26. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

27. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Ryder Truck Rental, Inc., as trustee of Ryder Truck Rental LT, in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

## JURY CLAIM

The plaintiff, Robert O'Sullivan, claims a trial by jury on all issues to which he is entitled.

The plaintiff,
Robert O'Sullivan,
By his attorney,

Scott D. Peterson
BBO No.: 548596
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481
(781) 431-0040    02

DATED:   March 16, 2005

7241\complaint

4

A TRUE COPY ATTEST

CLERK

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2005-00313-B**

RE:   **O'Sullivan v Virco, Inc. et al**

TO: Scott D Peterson, Esquire
Healy & Healy
15 Walnut Street
Suite 400
Wellesley Hills, MA 02481-2102

## TRACKING ORDER - F TRACK

    You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/15/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/14/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/14/2005 |
| All motions under MRCP 15 filed | 08/14/2005 |
| All discovery requests and depositions completed | 01/11/2006 |
| All motions under MRCP 56 served and heard | 02/10/2006 |
| Final pre-trial conference held and firm trial date set | 03/12/2006 |
| Case disposed | 05/11/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (Court Street, Plymouth)** at **Plymouth Superior Court.**

Dated: 03/17/2005

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 449236 inidoc01 santospa

A TRUE COPY ATTEST

CLERK

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO.: PLCV2005-313B

ROBERT O'SULLIVAN,  )
Plaintiff  )
  )
V.  )
  )
VIRCO, INC., RYDER TRUCK RENTAL,  )
INC., AS TRUSTEE OF RYDER TRUCK  )
RENTAL LT., and BOBBY E. MCKUNN  )
Defendants  )



## AFFIDAVIT OF SERVICE OF PROCESS

I, Scott D. Peterson, hereby depose and state under oath the following:

1.  I am licensed to practice law within the Commonwealth of Massachusetts, and have been so licensed since 1986.

2.  I represent the plaintiff, Robert O'Sullivan, in connection with this civil tort action.

3.  I served the defendant, Bobby E. McKunn, with an original Summons and a copy of the Complaint pursuant to Massachusetts' long-arm statute by mailing these pleadings, certified mail, return receipt requested, to Bobby E. McKunn, 1441 East Branch, Morrilton, AR 72110.

4.  Bobby E. McKunn received my correspondence, the original Summons and a copy of the Complaint on March 29, 2005, and I enclose for filing the original "Domestic Return Receipt" to document service of process.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11TH DAY OF APRIL, 2005.

Scott D. Peterson
BBO No.: 548596
Healy & Healy, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA  02481
(781)·431-0040

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

Bobby E. McKunn
1491 East Branch
Morrilton, AR 72110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Carol McK_    ☐ Agent
                 ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
Carol McKunn                      3-29-05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
   7004 1160 0004 8176 9239

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

A TRUE COPY ATTEST

_[signature]_    CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ryder Truck Rental, Inc
3600 N.W. 82nd Avenue
Miami, FL 33166

Attn: Litigation Department

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

MAR 3 0 2005

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7004 1160 0004 8176 9222

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

A TRUE COPY ATTEST

_____ CLERK

4

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT
C.A. NO. 05-0313B

ROBERT O'SULLIVAN,
    Plaintiff

VS.

VIRCO, INC., RYDER TRUCK RENTAL,
INC., AS TRUSTEE OF RYDER TRUCK
RENTAL LT., and BOBBY E. MCKUNN
    Defendants



```
FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

APR 2 9 2005

Frank R. Fowers
                    CLERK
```

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(d), the Defendant, Bobby E. McKunn, gives

notice to the Plymouth Superior Court, and to Scott D. Peterson, Esquire, attorney for the

Plaintiff, Robert O'Sullivan, that the Defendant has filed a Notice of Removal, removing the

above-captioned action to the United States District Court for the District of Massachusetts.

A copy of the Notice of Removal is attached to this Notice.

                                        Respectfully submitted,
                                        Defendant,
                                        Bobby E. McKunn,
                                        By His Attorney,

                                        _____
                                        Clark W. Yudysky, BBO # 538210
                                        TOOMEY & YUDYSKY LLP
                                        99 Summer Street
                                        Boston, MA  02110
                                        (617) 946-0930

Dated: 4/29/05

**A TRUE COPY ATTEST**

Frances R. Fowers
                        **CLERK**

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the, Defendant, Bobby E. McKunn, do hereby certify that I served a copy of the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,** on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Scott D. Peterson, Esquire
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481

Ryder Truck Rental, Inc.
3600 N.W. 82nd Avenue
Miami, FL 33166

Date: ___4/29/05___          Attorney: _____

SV  60476.1  4/29/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

I hereby certify that the
foregoing document is a true and correct copy of t
electronic docket in the captioned case
electronically filed original filed on
original filed in my office on _____ 4/28/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:
Deputy Clerk

| | |
|---|---|
| ROBERT O'SULLIVAN,<br>Plaintiff | |
| | 05 CV 10863 GAO |
| VS. | CIVIL ACTION<br>NO. |
| VIRCO, INC., RYDER TRUCK RENTAL,<br>INC., AS TRUSTEE OF RYDER TRUCK<br>RENTAL LT., and BOBBY E. MCKUNN<br>Defendants | |

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The Defendant, Bobby E. McKunn (hereinafter "the Defendant"), files this Notice of

Removal of the stated cause from the Plymouth Superior Court, Plymouth County,

Massachusetts, in which it is now pending, to the District Court of the United States for the

District of Massachusetts.

In support hereof, the Defendant states as follows:

1.    The Plaintiff in the above-entitled action, Robert O'Sullivan, filed a Complaint in

the Superior Court, Plymouth County, Massachusetts, on March 17, 2005, seeking

monetary damages for injuries allegedly sustained in a motor vehicle accident that

occurred on or about March 15, 2003 in Tennessee.

2.    The Plaintiff claims to have sustained the alleged injuries as a result of the

negligence of the Defendant, Bobby E. McKunn. The Plaintiff further alleges that

Mr. McKunn's employer, Virco, Inc., is vicariously liable for Mr. McKunn's

alleged negligence, and that the Defendant, Ryder Truck Rental, Inc., is

vicariously liable as the owner of the vehicle operated by Mr. McKunn at the time of the alleged accident.

3.  The above-entitled action is a cause removable from the State Court to the District Court of the United States under the provisions of Title 28, United States Code, Section 1441.

4.  The matter in controversy is monetary in character, and exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

5.  At all material times as alleged in the Plaintiff's Complaint, the Plaintiff was a resident of the State of Massachusetts.

6.  At all material times as alleged in the Plaintiff's Complaint, the Defendant, Virco, Inc., was a corporation duly organized under the laws of the State of Delaware and maintained a principal place of business in the State of California.

7.  At all material times as alleged in the Plaintiff's Complaint, the Defendant, Ryder Truck Rental, Inc., was duly formed under the laws of the State of Delaware and maintained a principal place of business in the State of Florida.

8.  At all material times as alleged in the Plaintiff's Complaint, the Defendant, Bobby E. McKunn, was a resident of the State of Arkansas.

9.  As such, the above-entitled action is one of which the District Court of the United States is given original jurisdiction pursuant to Title 28, United States Code, Section 1332.

10. This Notice of Removal is filed in this Court within thirty (30) days after the receipt by the Defendant of a copy of the Plaintiff's Complaint and the time for filing this Notice of Removal has not expired.

11. Written notice of the filing of this Notice of Removal will be given to all adverse parties as required by law.

12. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Plymouth County, Massachusetts, as provided by law.

13. Copies of all pleadings, process and orders served upon the Defendant, Bobby McKunn are attached hereto as Exhibit 1 and incorporated herein by reference.

WHEREFORE, the Defendant, Bobby E. McKunn, respectfully requests the removal of this action from the Superior Court of Plymouth County, Massachusetts, to the United States District Court, District of Massachusetts.

Respectfully Submitted,
The Defendant,
Bobby E. McKunn,
By his Attorney,

Clark W. Yudysky, BBO # 538210
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930

Dated: _4/28/05_

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the removing party, Defendant, Bobby E. McKunn, do hereby certify that I served a copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,** on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Scott D. Peterson, Esquire
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481

Ryder Truck Rental, Inc.
3600 N.W. 82nd Avenue
Miami, FL 33166

Date: ___4/28/05___          Attorney: _____

SV  60440.1  4/27/05

# EXHIBIT NO. 1

**RECEIVED**

MAR 17 2005

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO.: 05-0313 B

```
_____
                                      )
ROBERT O'SULLIVAN,                    )
         Plaintiff                    )
                                      )
V.                                    )
                                      )
VIRCO, INC., RYDER TRUCK RENTAL,      )
INC., AS TRUSTEE OF RYDER TRUCK       )
RENTAL LT., and BOBBY E. MCKUNN       )
         Defendants                   )
_____  )
```

## COMPLAINT & JURY DEMAND

### PARTIES

1.   The plaintiff, Robert O'Sullivan (hereinafter "plaintiff"), is an individual who resides in Hingham, Plymouth County, Massachusetts.

2.   The defendant, Virco, Inc. (hereinafter "Virco"), is a corporation duly organized under the laws of the State of Delaware and maintains a principal place of business at 2027 Harpers Way, Torrance, CA 90501. Virco is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts. Virco's Resident Agent is National Registered Agents, Inc. 303 Congress Street, Boston, MA 02110.

3.   The defendant, Ryder Truck Rental, Inc. is the trustee of the Ryder Truck Rental LT (hereinafter "Ryder"), a trust duly formed under the laws of the State of Delaware and maintains a principal place of business at 3600 N.W. 82nd Avenue, Miami, FL 33166. Ryder is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts.

4.   The defendant, Bobby E. McKunn (hereinafter "McKunn") is an individual who resides in Morrilton, Conway County, Arkansas. McKunn was at all relevant times an employee or agent of Virco and was acting within the scope of his employment or agency at the time at all relevant times.

1

## FACTS

5. On or about March 15, 2003, the plaintiff, a commercial truck driver, and while in the course of his employment for Boston Truck Co., Inc., was operating a 1999 International box truck owned by and registered to SST Leasing Corporation, bearing Massachusetts registration number "K10-469."

6. The plaintiff was traveling East-bound on Interstate 40, a public way, at or near Mile Marker 18 in the State of Tennessee.

7. At the same place and time, McKunn was operating a 2000 Freightliner Conventional FLC120 tractor and trailer bearing Illinois registration number "P352866" (hereinafter "tractor trailer").

8. At this same place and time, McKunn was similarly traveling East-bound on Interstate 40, at approximately Mile Marker 18 in Tennessee.

9. According to the Illinois Secretary of State, Ryder is the registered owner of a 2000 Freightliner Conventional FLC120 bearing Illinois registration number "P352866."

10. Based upon information and belief, McKunn was employed by Virco and was acting within the course and scope of his employment at the date, time, and place of the subject accident.

11. McKunn operated the tractor trailer entrusted to him negligently, and caused or at least contributed to the motor vehicle accident in which the plaintiff was injured.

### COUNT I
### O'Sullivan v. McKunn
### Negligence

12. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. McKunn, while operating a motor vehicle on a public way, owed a duty of reasonable care to the plaintiff, another driver on the public way.

14. McKunn breached his duty of reasonable care to the plaintiff.

15. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not yet fully recovered.

2

16.  As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his usual activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Bobby E. McKunn, in an amount that fairly and reasonably compensates him for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### COUNT II
### O'Sullivan v. Virco
### Respondeat Superior

17.  The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

18.  At the time and place of the subject accident, the defendant, McKunn, was an agent, servant, and/or employee of the defendant, Virco.

19.  At the time and place of the subject accident, the defendant, McKunn and was acting within the scope of his employment by Virco.

20.  The defendant, Virco, is vicariously liable for the defendant, McKunn's negligence.

21.  As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

22.  As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Virco, Inc., in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### Count III
### O'Sullivan v. Ryder Truck Rental, Inc, as Trustee
### Vicarious Liability as Owner

23.  The plaintiff re-alleges and incorporates by reference the

3

allegations contained in paragraphs 1 through 11 above.

24. At the time and place of the subject accident, the vehicle operated by the defendant, McKunn, was owned by and/or registered to the defendant, Ryder.

25. Evidence that the vehicle operated by the defendant, McKunn was registered in the name of the defendant, Ryder, as owner, constitutes *prima facie* evidence that it was the being operated by and under the control of a person for whose conduct the defendant, Ryder, is legally responsible.

26. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

27. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Ryder Truck Rental, Inc., as trustee of Ryder Truck Rental LT, in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### JURY CLAIM

The plaintiff, Robert O'Sullivan, claims a trial by jury on all issues to which he is entitled.

The plaintiff,
Robert O'Sullivan,
By his attorney,

Scott D. Peterson
BBO No.: 548596
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481
(781) 431-0040 x202

DATED:   March 16, 2005

7241\complaint

4

| CIVIL ACTION COVER SHEET | Trial Court of Massachuse[tts]<br>SUPERIOR COURT DEPARTMENT<br>County: Plymouth | Docket Number |
|---|---|---|

| PLAINTIFF(S)<br>Robert O'Sullivan | DEFENDANT(S)  Virco, Inc., Ryder Truck Rental,<br>as trustee, and Bobby E. McKunn |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Scott D. Peterson - Healy & Healy, P.C.<br>15 Walnut Street, Suite 400<br>Wellesley Hills, MA  02481<br>Board of Bar Overseers number: 548596 | ATTORNEY (If known) |

Origin code and track designation

Place an x in one box only:

[ X ] 1. F01 Original Complaint

[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104
       (Before trial)                                    (F)

[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C. (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)

[ ] 5. F05 Reactivated after rescript;relief from judgment/
       Order (Mass.R.Civ.P. 60)                          (X)

[ ] 6. E10 Summary Process Appeal                        (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO.<br>803 | TYPE OF ACTION (specify)<br>M.V. Negligence | TRACK<br>(F) | IS THIS A JURY CASE?<br>(X) Yes  ( ) No. |
|---|---|---|---|

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money
damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses ........................................................................ $21,239.
    2.  Total Doctor expenses ......................................................................... $28,350.
    3.  Total chiropractic expenses ................................................................. $
    4.  Total physical therapy expenses ......................................................... $ 7,673.
    5.  Total other expenses (describe) .......................................................... $ 6,805.
                                                                                    Subtotal $64,067.
B.  Documented lost wages and compensation to date ........................................ $68,907.
C.  Documented property damages to date ..................................................... $
D.  Reasonably anticipated future medical and hospital expenses ........yes.............. $
E.  Reasonably anticipated lost wages .....................................yes.............. $
F.  Other documented items of damages (describe)

                                                                                          $132,974.

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
The plaintiff sustained a herniated disc, which required disc fusion
surgery.  The plaintiff is now disabled from his employment as a
commercial truck driver.                                            $............
                                                                    TOTAL: $............

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                    TOTAL    $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT
DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution [SJC Rule 1:18] requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____  DATE: 5/17/05

A.O.S.C. 2003

**Commonwealth of Massachusetts**
County of Plymouth
The Superior Court

CIVIL DOCKET# **PLCV2005-00313-B**

RE:    **O'Sullivan v Virco, Inc. et al**

TO: Scott D Peterson, Esquire
Healy & Healy
15 Walnut Street
Suite 400
Wellesley Hills, MA 02481-2102

### TRACKING ORDER - F TRACK

    You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/15/2005 |
| Response to the complaint filed (also see MRCP 12) | 08/14/2005 |
| All motions under MRCP 12, 19, and 20 filed | 08/14/2005 |
| All motions under MRCP 15 filed | 08/14/2005 |
| All discovery requests and depositions completed | 01/11/2006 |
| All motions under MRCP 56 served and heard | 02/10/2006 |
| Final pre-trial conference held and firm trial date set | 03/12/2006 |
| Case disposed | 05/11/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 1 (Court Street, Plymouth) at **Plymouth Superior Court.**

Dated: 03/17/2005

Francis R. Powers
Clerk of the Courts

BY: Adam Baler
Assistant Clerk

Location: CtRm 1 (Court Street, Plymouth)
Telephone: (508) 747-6911

Disabled Individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc

cvdtracl_2.wpd 448236 inldoc01 santospa



COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. PLCV2005-313B

Robert O'Sullivan

..............................................., Plaintiff(s)

vs.

Virco, Inc. et al

..............................................., Defendant(s)

## SUMMONS

To the above-named defendant: Bobby McKunn

You are hereby summoned and required to serve upon Scott D. Peterson plaintiff attorney, whose address is 15 Walnut St., Wellesley, MA 02481, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...............................................day of

..............................................., in the year of our Lord Two thousand and ..................... .

CLERK

NOTES
1.    This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.    When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.    To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..............................................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):...............................................

...............................................

...............................................

Dated: ............ , 200 ...............................................

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

200

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

## CIVIL COVER SHEET

JS 44  (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a)  PLAINTIFFS

O'Sullivan, Robert

**DEFENDANTS** Virco, Inc., Ryder Truck Rental Inc., as Trustee of Ryder Truck Rental LT and Bobby E. McKunn

**(b)** County of Residence of First Listed Plaintiff  **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Scott D. Peterson, Esq.
HEALY & HEALY, PC, 15 Walnut St., Ste. 400,
Wellesley Hills, MA 02481, 781- 431- 0040

Attorneys (If Known)  Clark W. Yudysky, Esq.
TOOMEY & YUDYSKY LLP
99 Summer St., Boston, MA 02110

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN  (Place an "X" in One Box Only)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332 - diversity

Brief description of cause:
Motor vehicle negligence/personal injury

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  4/28/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)  Robert O'Sullivan v. Virco, Inc. et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

XX  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

    IV.     220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    V.      150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES          NO   XX

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                    YES          NO   XX

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES          NO

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES          NO   XX

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                    YES   XX     NO

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division   XX        Central Division              Western Division

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division             Central Division              Western Division

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                    YES          NO   XX

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Clark W. Yudysky

ADDRESS  TOOMEY & YUDYSKY LLP 99 Summer St., Boston, MA, 02110

TELEPHONE NO.  617-946-0930

(CategoryForm.wpd - 2/15/05)

FILED
IN CLERK'S OFFICE

2005 APR 28  P 12: 56

U.S. DISTRICT COURT
DISTRICT OF MASS

**TOOMEY YUDYSKY LLP**
**ATTORNEYS AT LAW**
OPERATING ACCT
99 SUMMER STREET
BOSTON, MA 02110

5360

5-7017/2110
68

DATE 4/29/05

PAY TO THE ORDER OF  Clerk US Dist Court                    $250.⁰⁰

Two hundred fifty & 00/100                          DOLLARS

**CITIZENS BANK**
Massachusetts

FOR  filing fee # 771                    Kevin K Toomey

⑈005360⑈  ⑆211070175⑆  1136298174⑈