# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT O'SULLIVAN, | ) | |
|     Plaintiff | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION |
| | ) | NO.  05-CV-10863-GAO |
| VIRCO, INC., RYDER TRUCK RENTAL, | ) | |
| INC., AS TRUSTEE OF RYDER TRUCK | ) | |
| RENTAL LT., and BOBBY E. MCKUNN | ) | |
|     Defendants | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

The Defendants, Virco, Inc., Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn, hereby submit this Memorandum in support of their Motion to Dismiss the Plaintiff's Complaint.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This action allegedly arises out of a motor vehicle accident that occurred on or about March 15, 2003 on Interstate 40 in Shelby County, Tennessee.  At that time, the Plaintiff, Robert O'Sullivan was operating a 1999 International box truck eastbound on Interstate 40.  At the same place and time, the Defendant, Bobby E. McKunn (hereinafter "McKunn") was allegedly operating a Freightliner Conventional tractor trailer in the same direction while allegedly in the course of his employment for the Defendant, Virco, Inc. (hereinafter "Virco").  Said Freightliner was allegedly owned by the Defendant, Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. (hereinafter "Ryder").

On March 17, 2005, the Plaintiff filed a Complaint against the Defendants in Plymouth Superior State Court, Plymouth, Massachusetts. The Plaintiff alleged that McKunn negligently operated his vehicle so as to cause or contribute to the motor vehicle accident. The Plaintiff further alleged that Virco was vicariously liable for McKunn's negligence as McKunn was acting within the scope of his employment with Virco at the time of the alleged accident. Lastly, the Plaintiff alleged that Ryder was responsible for McKunn's negligence, as McKunn was operating a Freightliner Conventional tractor trailer owned by Ryder at the time of the alleged accident. [See, Exhibit 1, Plaintiff's Complaint].

Thereafter, the case was removed by the Defendants from the Plymouth Superior Court to the United States District Court for the District of Massachusetts pursuant to Title 28, Section 1441 of the United States Code. Specifically, removal was based upon Title 28, Section 1332, entitled "Diversity of citizenship; amount in controversy; costs." On or about May 5, 2005, the Defendants filed their Answer to the Plaintiff's Complaint, denying the Plaintiff's allegations and pleading various affirmative defenses, including the affirmative defenses that the Plaintiff's claims (1) failed to state a claim upon which relief may be granted and (2) were barred by the applicable Tennessee statute of limitations. [See Exhibit 2, Answer and Jury Demand of the Defendants].

## II.     ARGUMENT

### A.     The Court Must Apply the Statute of Limitations of the State of Tennessee To the Instant Action Rather than the Massachusetts Statute of Limitations.

Generally, a federal court in a diversity case must apply the statute of limitations that would be applied by the forum state. See, *Stanley v. CF-VH Associates, Inc.*, 956

F.Supp. 55 (D.Mass, 1997). As such, the United States District Court for the District of Massachusetts should look to the statute of limitations that a Massachusetts state court judge would have used had the case been filed in a court of the Commonwealth. *Id*. at 57. In Massachusetts, the statute of limitations is treated as a substantive, rather than a procedural issue. *Id*, at 57-58. In determining which state's statute of limitations to apply, Massachusetts state courts utilize a functional approach. See, *New England Tel. Co. v. Gourdeau Constr. Co*., 419 Mass. 658, 647 N.E. 2d 42 (1995). That is, a forum state should only apply its own statute of limitations if it "would advance a substantial forum interest and would not seriously impinge upon the interests of other states." See, *Nierman v. Hyatt Corporation*, 441 Mass. 693, 696, 808 N.E. 2d 290 (2004).

In 2004, the Supreme Judicial Court of Massachusetts considered whether to apply a two year Texas statute of limitations or a three year Massachusetts statute of limitations. See, *Nierman v. Hyatt Corporation*, 441 Mass. 693, 808 N.E. 2d 290 (2004). In *Nierman v. Hyatt Corporation*, a Massachusetts resident was allegedly thrown out of a transport car at a Texas hotel when it suddenly accelerated. The Plaintiff in *Nierman* was a patron at a hotel owned by the Defendant, a Delaware corporation with a principal place of business in Illinois. In *Nierman*, the negligence action was based on the events that took place in Texas. *Id*. at 693.

Ultimately, the Supreme Judicial Court in *Nierman v. Hyatt Corporation* held that the two year Texas statute of limitations applied rather than the three year Massachusetts statute of limitations. In doing so, the *Nierman* Court applied the functional approach and the significant relationship test. *Id*. at 695-696. The *Nierman* Court held that "the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose

statute of limitations would bar the case." *Id*. at 696. The *Nierman* Court noted that all of the events constituting the alleged negligence took place in Texas and the alleged injuries were suffered in Texas. *Id*. at 697. Further, the *Nierman* Court concluded that Massachusetts did not have a substantial interest in the case, beyond a general interest in having its residents compensated. *Id*. at 698.

Using the functional approach and significant relationship test outlined by the Supreme Judicial Court in *Nierman* requires that this Court apply the Tennessee one year statute of limitations[1] to the instant action, as opposed to the Massachusetts three-year statute of limitations.[2] All of the events constituting the alleged negligence in the instant action occurred in Tennessee. The alleged motor vehicle accident occurred in Tennessee and all of the Plaintiff's alleged injuries were sustained in Tennessee. Finally, any official on-site investigation of the alleged motor vehicle accident occurred in Tennessee. As such, Tennessee has a significant relationship to the cause of action. In contrast, Massachusetts' only interest in the action is that the Plaintiff was a Massachusetts resident at the time of the motor vehicle accident. As in *Nierman*, Massachusetts does not have a "substantial interest" in the case, beyond a general interest in having one of its residents compensated. As found in *Nierman*, that alone is insufficient to trigger the application of Massachusetts' three year statute of limitations. Therefore, based upon the

---

[1] Tennessee Code Annotated 28-3-104 provides, in pertinent part: "The following actions shall be commenced within one (1) year after the cause of action accrues: (1) Actions for libel, for injuries to the person…"

[2] Massachusetts General Laws, Chapter 260§2A provides: "Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

facts alleged in the Plaintiff's Complaint, the Court must apply Tennessee's one year statute of limitations.[3]

**B.    The Plaintiff's Complaint Must Be Dismissed for Failure to Comply With the Tennessee One Year Statute of Limitations.**

In Tennessee, actions for injuries to the person shall be commenced within one (1) year after the cause of action accrues. The cause of action for injury to the person shall accrue on the date of the personal injury.  [See, Exhibit 3, Tennessee Code Annotated 28-3-104].

According to the Plaintiff's Complaint, the Plaintiff's alleged injuries occurred on or about March 15, 2003.  The Plaintiff did not file suit in connection with said injuries until March 17, 2005, more than one year after the running of the Tennessee statute of limitations.  Accordingly, the Court must dismiss the Plaintiff's Complaint as it fails to state a claim upon which relief may be granted and is otherwise barred by the provisions of the Tennessee statute of limitations.

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, the Defendants respectfully request that this Honorable Court **allow** the Defendants, Virco, Inc., Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn's Motion to Dismiss the Plaintiff's Complaint and that the Plaintiff's Complaint be dismissed with prejudice.

---

[3] See also *DelFuoco v. K-Mart Corporation*, 62 Mass.App.Ct. 1110, 817 NE2nd 339 (2004) (Pennsylvania two-year statute of limitations barred Massachusetts plaintiff's negligence claims arising from events taking place in Pennsylvania).

Respectfully Submitted,
The Defendants,
Virco, Inc., Ryder Truck Rental,
Inc., As Trustee of Ryder Truck
Rental Lt. and Bobby E. McKunn
By their Attorney,


/s/ Clark W. Yudysky
Clark W. Yudysky, BBO # 538210
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA  02110
(617) 946-0930

Date: <u>March 14, 2006</u>


## <u>CERTIFICATE OF SERVICE</u>

I, Clark W. Yudysky, counsel for the Defendants, Virco, Inc., Ryder Truck
Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn do hereby
certify that this document filed through the ECF system will be sent electronically to the
registered participants as identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as non-registered participants.


Date: <u>March 14, 2006</u>          Attorney: <u>Clark W. Yudysky</u>


bmd  70459.1  3/10/06

# EXHIBIT NO. 1

● ●

RECEIVED

MAR 17 2005

PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

SUPERIOR COURT DEPARTMENT
C.A. NO.: 05-0313 B

ROBERT O'SULLIVAN,
      Plaintiff

V.

VIRCO, INC., RYDER TRUCK RENTAL,
INC., AS TRUSTEE OF RYDER TRUCK
RENTAL LT., and BOBBY E. MCKUNN
      Defendants

## COMPLAINT & JURY DEMAND

### PARTIES

1. The plaintiff, Robert O'Sullivan (hereinafter "plaintiff"), is an individual who resides in Hingham, Plymouth County, Massachusetts.

2. The defendant, Virco, Inc. (hereinafter "Virco"), is a corporation duly organized under the laws of the State of Delaware and maintains a principal place of business at 2027 Harpers Way, Torrance, CA 90501. Virco is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts. Virco's Resident Agent is National Registered Agents, Inc. 303 Congress Street, Boston, MA 02110.

3. The defendant, Ryder Truck Rental, Inc. is the trustee of the Ryder Truck Rental LT (hereinafter "Ryder"), a trust duly formed under the laws of the State of Delaware and maintains a principal place of business at 3600 N.W. 82nd Avenue, Miami, FL 33166. Ryder is registered to conduct business within the Commonwealth of Massachusetts and, in fact, transacts business within the Commonwealth of Massachusetts.

4. The defendant, Bobby E. McKunn (hereinafter "McKunn") is an individual who resides in Morrilton, Conway County, Arkansas. McKunn was at all relevant times an employee or agent of Virco and was acting within the scope of his employment or agency at the time at all relevant times.

1

## FACTS

5. On or about March 15, 2003, the plaintiff, a commercial truck driver, and while in the course of his employment for Boston Truck Co., Inc., was operating a 1999 International box truck owned by and registered to SST Leasing Corporation, bearing Massachusetts registration number "K10-469."

6. The plaintiff was traveling East-bound on Interstate 40, a public way, at or near Mile Marker 18 in the State of Tennessee.

7. At the same place and time, McKunn was operating a 2000 Freightliner Conventional FLC120 tractor and trailer bearing Illinois registration number "P352866" (hereinafter "tractor trailer").

8. At this same place and time, McKunn was similarly traveling East-bound on Interstate 40, at approximately Mile Marker 18 in Tennessee.

9. According to the Illinois Secretary of State, Ryder is the registered owner of a 2000 Freightliner Conventional FLC120 bearing Illinois registration number "P352866."

10. Based upon information and belief, McKunn was employed by Virco and was acting within the course and scope of his employment at the date, time, and place of the subject accident.

11. McKunn operated the tractor trailer entrusted to him negligently, and caused or at least contributed to the motor vehicle accident in which the plaintiff was injured.

## COUNT I
### O'Sullivan v. McKunn
### Negligence

12. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. McKunn, while operating a motor vehicle on a public way, owed a duty of reasonable care to the plaintiff, another driver on the public way.

14. McKunn breached his duty of reasonable care to the plaintiff.

15. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not yet fully recovered.

2

16. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his usual activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Bobby E. McKunn, in an amount that fairly and reasonably compensates him for his injuries and damages, statutory interest, and his costs in prosecuting this action.

**COUNT II**
**O'Sullivan v. Virco**
*Respondeat Superior*

17. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above.

18. At the time and place of the subject accident, the defendant, McKunn, was an agent, servant, and/or employee of the defendant, Virco.

19. At the time and place of the subject accident, the defendant, McKunn and was acting within the scope of his employment by Virco.

20. The defendant, Virco, is vicariously liable for the defendant, McKunn's negligence.

21. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

22. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Virco, Inc., in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

**Count III**
**O'Sullivan v. Ryder Truck Rental, Inc, as Trustee**
**Vicarious Liability as Owner**

23. The plaintiff re-alleges and incorporates by reference the

3

allegations contained in paragraphs 1 through 11 above.

24. At the time and place of the subject accident, the vehicle operated by the defendant, McKunn, was owned by and/or registered to the defendant, Ryder.

25. Evidence that the vehicle operated by the defendant, McKunn was registered in the name of the defendant, Ryder, as owner, constitutes *prima facie* evidence that it was the being operated by and under the control of a person for whose conduct the defendant, Ryder, is legally responsible.

26. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer severe and permanent injuries, for which he has had surgery and from which he has not recovered.

27. As a direct and proximate result of McKunn's negligence, the plaintiff was caused to suffer other damages, including but not limited to medical bills, lost wages, diminution in his earning capacity, surgical scarring, emotional distress, and inability to enjoy life and engage in his normal activities.

WHEREFORE, the plaintiff, Robert O'Sullivan, demands judgment against the defendant, Ryder Truck Rental, Inc., as trustee of Ryder Truck Rental LT, in an amount that fairly and reasonably compensates the plaintiff for his injuries and damages, statutory interest, and his costs in prosecuting this action.

### JURY CLAIM

The plaintiff, Robert O'Sullivan, claims a trial by jury on all issues to which he is entitled.

The plaintiff,
Robert O'Sullivan,
By his attorney,

Scott D. Peterson
BBO No.: 548596
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481
(781) 431-0040 x202

DATED: March 16, 2005

7241\complaint

4

# EXHIBIT NO. 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT O'SULLIVAN,             )
      Plaintiff                )
                           )

VS.                         )      CIVIL ACTION
                           )      NO. 05-CV-10863-GAO

VIRCO, INC., RYDER TRUCK RENTAL,   )
INC., AS TRUSTEE OF RYDER TRUCK   )
RENTAL LT., and BOBBY E. MCKUNN   )
      Defendants             )

## ANSWER AND JURY DEMAND OF THE DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN

The defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck

Rental LT. and Bobby E. McKunn, hereby respond to the plaintiff, Robert O'Sullivan's

Complaint, as follows:

### PARTIES

1.     The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 1 of the Complaint.

2.     The defendants admit that Virco, Inc. is a foreign corporation organized under the

laws of Delaware with a principal place of business in Torrance, California but are without

sufficient knowledge to either admit or deny the remainder of paragraph 2 of the Complaint.

3.     The defendants admit that Ryder Truck Rental, Inc. is a foreign corporation

organized under the laws of Florida with a principal place of business in Miami, Florida but

are without sufficient knowledge to either admit or deny the remainder of paragraph 3 of the

Complaint.

4.      The defendants admit that, at all times material hereto, Bobby E. McKunn was an

individual residing in Morrilton, Arkansas but are without sufficient information to either

admit or deny the remainder of paragraph 4 of the Complaint.

## FACTS

5.      The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 5 of the Complaint.

6.      The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 6 of the Complaint.

7.      The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 7 of the Complaint.

8.      The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 8 of the Complaint.

9.      The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 9 of the Complaint.

10.     The defendants are without sufficient knowledge to either admit or deny the

allegations contained in paragraph 10 of the Complaint.

11.     The defendants deny the allegations contained in paragraph 11 of the Complaint.

## COUNT I
## O'Sullivan v. McKunn
## Negligence

12.     The defendants repeat and incorporate herein by reference their answers to

paragraphs 1-11 of this Answer.

13.     The allegations of paragraph 13 can be neither admitted nor denied as they state

conclusions of law rather than factual assertions.

14.     The defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     The defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     The defendants deny the allegations contained in paragraph 16 of the Complaint.

**COUNT II**
**O'Sullivan v. Virco**
**Respondeat Superior**

17.     The defendants repeat and incorporate herein by reference their answers to
paragraphs 1-16 of this Answer.

18.     The defendants are without sufficient knowledge to either admit or deny the
allegations contained in paragraph 18 of the Complaint.

19.     The defendants are without sufficient knowledge to either admit or deny the
allegations contained in paragraph 19 of the Complaint.

20.     The allegations of paragraph 20 can be neither admitted nor denied as they state
conclusions of law rather than factual assertions.

21.     The defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     The defendants deny the allegations contained in paragraph 22 of the Complaint.

**COUNT III**
**O'Sullivan v. Ryder Truck Rental, Inc., as Trustee**
**Vicarious Liability as Owner**

23.     The defendants repeat and incorporate herein by reference their answers to
paragraphs 1-22 of this Answer.

24.     The defendants are without sufficient knowledge to either admit or deny the
allegations contained in paragraph 24 of the Complaint.

25.     The allegations of paragraph 25 can be neither admitted nor denied as they state
conclusions of law rather than factual assertions.

3

26.    The defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    The defendants deny the allegations contained in paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on behalf of the plaintiff against the defendants for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against the defendants was caused in whole or in part or was contributed to by the negligence, act or failure to act of the plaintiff and such negligence, act or failure to act exceeded any negligence, act or failure to act on the part of the defendants, or the plaintiff's claimed damages must be reduced, all as provided by applicable law.

### THIRD AFFIRMATIVE DEFENSE

The injury or damage complained of on behalf of the plaintiff against the defendants was caused in whole or in part or was contributed to by the negligence, act or failure to act of some other person whose conduct the defendants were not and are not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The defendants state that the damages and injuries allegedly suffered by the plaintiff were not proximately caused by the acts or failure to act of the defendants.

### FIFTH AFFIRMATIVE DEFENSE

The action of the plaintiff is barred or the plaintiff's damages must be reduced as a result of plaintiff's failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

The venue of this action is improper.

### SEVENTH AFFIRMATIVE DEFENSE

The process and/or service of process in this action is insufficient.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff assumed the risk of the plaintiff's own actions.

### NINTH AFFIRMATIVE DEFENSE

Any claim of the plaintiff against the defendants is barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff has waived any claim he may have against the defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendants claim an exemption from tort to the extent that the plaintiff is entitled to recover under the provisions of a motor vehicle liability policy or bond that provides personal injury protection benefits.

### TWELFTH AFFIRMATIVE DEFENSE

A necessary party has been failed to be joined.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendants state that the substantive law of Tennessee applies in this case.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any claim of the plaintiff against the defendants is barred by the applicable Tennessee statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as said claims are barred by the applicable Tennessee statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the person of the defendants.


WHEREFORE, the defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, respectfully request that the plaintiff's Complaint be dismissed as to the defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, with costs.

## JURY DEMAND

The defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental LT. and Bobby E. McKunn, demand a trial by jury on all counts and issues so triable.


Respectfully Submitted,
The Defendants,
Virco, Inc., Ryder Truck Rental, Inc. As
Trustee of Ryder Truck LT.
and Bobby E. McKunn
By their Attorney,


Clark W. Yudysky, BBO # 538210
TOOMEY & YUDYSKY LLP
99 Summer Street
Boston, MA 02110
(617) 946-0930

Dated: _5/5/05_

6

## CERTIFICATE OF SERVICE

I, Clark W. Yudysky, counsel for the Defendants, Virco, Inc., Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn, do hereby certify that I served a copy of the foregoing **DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE OF TYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN'S ANSWER AND JURY DEMAND**, on all parties to this action by mailing a copy of same, postage prepaid, to them or their counsel of record:

Scott D. Peterson, Esquire
HEALY & HEALY, P.C.
15 Walnut Street, Suite 400
Wellesley Hills, MA 02481

Date: ___5/5/05___          Attorney: _____

SV  60803.1  5/5/05

7

# EXHIBIT NO. 3

i will hold the
proportions of
due course of
ive any benefit
Caldwell v.

cause of action as the starting point for the running of the limitations period; thus, slander-action plaintiff's argument that the running of the limitations period under this section did not commence until he discovered that he

had been defamed was mistaken, since this section clearly provides that the period runs "after the words are uttered." Heller v. Smither, 437 F. Supp. 1 (M.D. Tenn. 1977), aff'd, 578 F.2d 1380 (6th Cir. 1978).

ons. 69 A.L.R.

oss I injury ac·
rongful death
j i an against
J.F. de 933,
st e) resenta-
of pi escribed
m. itions. 104

ing f statute
ant of executor
n personal un·
i 175.
⇒ 437.

**Collateral References.** 50 Am. Jur. 2d Libel and Slander §§ 390 — 395; 51 Am. Jur. 2d Limitation of Actions §§ 102 — 104, 135 — 137. 53, 54 C.J.S. Limitations of Actions § 29, 168.

Imprisonment of party to civil action as tolling statute of limitations. 77 A.L.R.3d 735.
Limitation of actions ☞ 55(1), 95(1).

x ken shall
C ode 1858,
at 94; T.C.A.

A. Seals), 24

ollege, 554 F.
'ert. v. Kroger
Qi ality Tech·
g'i Co., 745 F.
v. Moore, 984
1.

**28-3-104. Personal tort actions.** — (a) The following actions shall be commenced within one (1) year after the cause of action accrued:

(1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise;

(2) Actions and suits against attorneys or licensed public accountants or certified public accountants for malpractice, whether the actions are grounded or based in contract or tort;

(3) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and

(4) Actions for statutory penalties.

(b) For the purpose of this section, in products liability cases:

(1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;

(2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and

(3) Under no circumstances shall the cause of action be barred before the person sustains an injury. [Code 1858, § 2772 (deriv. Acts 1715, ch. 27, § 5); Shan., § 4469; mod. Code 1932, § 8595; Acts 1967, ch. 283, § 1; 1969, ch. 28, § 1; 1969, ch. 293, §§ 1, 2; 1972, ch. 669, § 1; T.C.A. (orig. ed.), § 28-304; Acts 1990, ch. 970, § 2; 1990, ch. 1056, § 2.]

he words, and
n and closing
actionable, is
x slanderous;
more than six
e declaration,
nore than six
ng of the suit
adwell Co. v.
o., 135 Tenn.
01 (1916).

t.
3 S.W.2d 512
. Bryant Air
(Tenn. 1975),
if action does
c that he has
cases arising
ccrual of the

**Cross-References.** Abolition of common law tort action of alienation of affections, § 36-3-701.
Abolition of common law torts of seduction and criminal conversation, § 39-13-508.
Limitation of actions, counterclaim or third party complaint, § 28-1-114.
Limitation of actions, Uniform Contribution Among Tort-Feasors Act, § 29-11-104.
Not-for-profit board members, immunity from suit, § 48-58-601.
Textbooks. Pritchard on Wills and Administration of Estates (4th ed., Phillips and Robinson), § 637.
Tennessee Jurisprudence, 3 Tenn. Juris., Attorney and Client, § 12; 4 Tenn. Juris., Automobiles, § 36; 6 Tenn. Juris., Constitutional Law, § 71; 10 Tenn. Juris., Employer and Employee, § 65; 17 Tenn. Juris., Libel and Slander, § 33; 18 Tenn. Juris., Limitations of Actions, §§ 14, 17, 25; 18 Tenn. Juris., Mandamus, § 10; 22 Tenn. Juris., Seduction, § 3.

**Law Reviews.** Accrual of Cause of Action in Products Liability and Other Tort Actions, 42 Tenn. L. Rev. 593.
Age Discrimination: A Growth Industry (Charles H. Anderson), 25 No. 6 Tenn. B.J. 24 (1989).
As a Matter of Law: Summary Judgment in Medical Malpractice Litigation in Tennessee, 15 Mem. St. U.L. Rev. 55 (1984).
Attorney and Client — Negligence — Limitation of Action, 34 Tenn. L. Rev. 607.
Attorney Malpractice — The Accrual of a Cause of Action, 42 Tenn. L. Rev. 784.
Case Comment: Employment Law — Carr v. United Parcel Service: Individual Liability Under the Tennessee Human Rights Act, 29 U. Mem. L. Rev. 245 (1998).
Civil Procedure and Evidence — Tennessee Survey 1970 (Jerry J. Phillips), 38 Tenn. L. Rev. 127.
Civil Rights — Statutes of Limitations for Section 1983 Actions — A Definitive Answer in