UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN,<br>    Plaintiff<br><br>VS.<br><br>VIRCO, INC., RYDER TRUCK RENTAL,<br>INC., AS TRUSTEE OF RYDER TRUCK<br>RENTAL LT., and BOBBY E. MCKUNN<br>    Defendants | )<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 05-CV-10863-GAO<br>)<br>)<br>)<br>) |

### MOTION OF THE PLAINTIFF, ROBERT O'SULLIVAN, TO ENLARGE TIME TO FILE & SERVE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, Robert O'Sullivan ("plaintiff"), through his attorney, and hereby moves for leave of Court to enlarge the time to serve and file his Opposition to Defendants' Virco, Inc., Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn, Motion to Dismiss the Plaintiff's Complaint. In support of this motion, the plaintiff, through his counsel, states the following:

1. This lawsuit follows a motor vehicle accident in Tennessee on March 15, 2003 in which the plaintiff sustained serious injuries.

2. The defendants, Virco, Inc., Ryder Truck Rental, Inc., As Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn, filed and served a Motion to Dismiss the plaintiffs' Complaint, on the ground that the plaintiffs' negligence claims are time-barred by virtue of Tennessee's one-year statute of limitations.

3. According to the Civil Docket, the defendants, through their counsel, electronically filed and served their motion on March 14, 2006, one day before the agreed deadline. See Pleading #7 – Joint Statement.

4. As a result of preparing for a high-exposure products liability trial scheduled to begin on March 16th at the Suffolk Superior Court, the plaintiff's counsel somehow overlooked the "Notice of Electronic Filing" e-mails referent to the defendant's filings.

5. The plaintiff's counsel first became aware of the defendants' motion on Monday, April 17th following receipt of a voice mail message from the defendants' counsel inquiring as to status of the plaintiff's expected Opposition and requesting a further extension to respond to the plaintiff's Rule 26, 33, and 36 discovery requests.

6. The defendants' counsel represented to the plaintiff's counsel that he can not assent to the motion but that he will not oppose the motion under the circumstances.

7. The plaintiffs' counsel granted the defendants' counsel an extension to file an Answer to the Plaintiff's Complaint, granted the defendants' counsel two (2) extensions to respond to the plaintiff's Rule 26, 33, and 36 discovery requests, and overlooked the fact that the defendants' Initial Disclosures were late.

8. The defendants' motion is dispositve of the case, so it should be decided on its merits.

9. The plaintiff has compelling arguments to the defendants' motion.

10. The plaintiff's counsel has otherwise complied with all deadlines imposed by the Court, the Local Rules, and the Joint Statement.

11. Allowance of this motion will not prejudice the defendants, but denial will prejudice the plaintiff.

WHEREFORE, the plaintiff, Robert O'Sullivan, respectfully requests an extension until **Wednesday, April 26, 2006** [or such other extension deemed appropriate by the Court] to electronically file and serve his Opposition to the defendants' motion.

                                                                                        Respectfully Submitted,
The Plaintiff,
Robert O'Sullivan,
By his Attorney,

/s/ Scott D. Peterson
Scott D. Peterson, BBO # 548596
HEALY& HEALY, P.C.
15 Walnut Street
Wellesley, MA 02481
(781) 431-0040 x202

Date: April 19, 2006

**CERTIFICATE OF SERVICE**

    I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: <u>April 19, 2006</u>        Attorney: <u>/s/ Scott D. Peterson</u>

3