## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT O'SULLIVAN, | ) | |
| Plaintiff | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-10863-GAO |
| VIRCO, INC., RYDER TRUCK RENTAL, | ) | |
| INC., AS TRUSTEE OF RYDER TRUCK | ) | |
| RENTAL LT., and BOBBY E. MCKUNN | ) | |
| Defendants | ) | |

## AFFIDAVIT OF PLAINTIFF, ROBERT O'SULLIVAN, IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

I, Robert O'Sullivan, hereby depose and state under oath the following:

1.     I am the plaintiff in the above-referenced tort action.

2.     I reside in Hingham, Massachusetts, and have resided in Massachusetts since 1998.

3.     On March 15, 2004, I was employed by Boston Truck Company, Inc., located in Quincy, Massachusetts, as a commercial truck driver.

4.     On said date, I was operating a 1999 International box truck in the course of my employment for Boston Truck Company, Inc.

5.     The trip originated in Quincy, Massachusetts, and I was traveling from Mississippi to Kentucky with a load of antique furniture.

6.     At approximately 4:00 p.m., I was involved in a motor vehicle accident on Interstate 40 in or near Memphis, Tennessee.

7.     I was traveling in the third travel lane, closest to the shoulder, when my truck was struck by a tractor trailer.

8.    My vehicle was forced off the highway, and my vehicle ended up in the culvert.

9.    I was injured as a result of the accident.

10.    I went to the Emergency Room at the Methodist Hospital in Memphis, Tennessee that day after the accident, where I was treated and released.

11.    My employer, Boston Truck Company, Inc., flew me home two days after the accident.

12.    Excepting the initial emergency room visit, I have received all of my medical treatment and care in Massachusetts.

13.    Trooper Michael Bolton of the Tennessee State Police responded to the accident, and I received a copy of the "Uniform Traffic Crash Report" ("Report") that he completed and filed.

14.    According to the Report, a vehicle owned by Richard Vincent and operated by Bonnie Vincent was involved in the accident, and struck the tractor trailer before the tractor trailer struck my vehicle.

15.    According to the Report, Richard and Bonnie Vincent reside in Bee Spring, Kentucky.

16.    I originally filed a tort claim against Bonnie Vincent, and I settled the claim without having to file a lawsuit for $50,000.00, the limits of her automobile insurance policy with Kemper Auto and Home Group.

17.    According to the Report, the tractor trailer that struck my vehicle was operated by Bobby E. McKunn, who resides in Morrilton, Arkansas.

18.    According to the Report, the tractor trailer was owned by the defendant, Virco Mfg. Co.

19.    According to the Report, the tractor trailer was registered in Illinois.

20.     Because I was in the course of my employment for Boston Truck Company, Inc. at the time of the accident, I also filed a workers' compensation claim in Massachusetts.

21.     I settled my workers' compensation claim in June, 2005, for the lump sum amount of $60,000.00, and the settlement was approved by an Administrative Judge at the Massachusetts Department of Industrial Accident.

22.     Exhibit 1 is a true and accurate copy of the "Agreement" I signed when I settled the workers' compensation claim.

23.     I received written notification in April, 2006 that the workers' compensation insurer for my former employer, Boston Truck Company, Inc., holds a statutory lien on any settlement or judgment against the defendants in the amount of $140,194.46.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25TH DAY OF APRIL, 2006

_____

Robert L. O'Sullivan


## CERTIFICATE OF SERVICE

I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Date: April 26, 2006                        Attorney: Scott D. Peterson

# FORM 117

### The Commonwealth of Massachusetts
### Department of Industrial Accidents

600 \Vashington Street − 7th Floor, Boston, Massachusetts 02111 Info. Line 800-323-3249
ext. 470 in Mass. Outside Mass. - 617-7:27-4900 ext. 470 http:llwww.state.ma. us/dia

DIA Board #
{If Known):

8542-03

## AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM UNDER G.L. CR. 152 FOR INJURIES OCCURRING ON OR AFTER NOY. 1. 1986

Page] of2 *Please Print or Type*

| | |
|---|---|
| **EMPLOYEE** ROBERT O'SULLIVAN | **LUMP SUM AMOUNT** $ 60,000.00 |
| **EMPLOYER** Boston Truck Company | **TOT AL DEDUCTIONS** $ 10,800.00 |
| **IN SURER** Gramte State Insurance Company c/o AIG Claim Services. [nc. | **NET TO CLAIMANT** $ 49,200.00 |
| **BOARD NUMBER** 8542-03 | **TOT AL PAYMENTS** $ 103,793.03 |
| | (WedGY bznefits plus lump sum) |

**DATE OF INJURY** 03/15/03

## CHECK WHERE APPLICABLE

_) Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liabiHty for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X) In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.

The employee is currently receiving a cost-or-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amouot(s) ]isted be]ow win be deducted and paid direct]y to the following parties:

| | NAME | ADDRESS |
|---|---|---|
| 1.5) 10,800.00 | John D. Hislop, ill, Esquire | 15 Walnut Street, Suite 400, Wellesley, MA 02481 TAX ill No.: 04-3446984 |
| 2.$ Attorney's Fee | | |
| Attorney's Expenses | (please attach documentation) | |
| 3.$ | | |
| Liens | (Please attach discharges) | |
| 4.$ | | |
| Inchoate Rights | (Please specify release) | |
| 5. $ | | |
| 6. $ | | |
| 7.$ | | |

' r', .:.\-E:' .-:tmUSiiHNhCC:DENIS

"p:lOrltp"V'1J)

H    jun *L 9 Off*

by

Mmin_VG :judge

Irl AccoWal1ca with MaS$. G.L.t. 152

(OVER)

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT      (Page 2 of 2)

**EMPLOYEE MEDICAL INFORMATION:**

Age __ No. of Dependents __ Average Weekly Wage 5> 669.63      Compensation Rate $ 29.67 PER SCIAROITA

Social Security No.⁵ ▮▮▮▮▮▮▮      Occupation Driver/Mover      EducationaJ Background G.B.D. 1986

On Social Security: YESe ) NO eX) APPLICATION PENDLNG On Public Employee

Disability Retirement: YES e ) NO eX )

DIAGNOSIS Cervical & Lumbar strain resulting in a      PRESENT MEDICAL CONDITIOK Stable
cervical discectomy & fusion

Present Work Capacity: In dispute      Third Party Action YES

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS
IN THE EMPLOYEE'S BEST INTEREST* (Specify all allocations):

SEE ATTACHED

(please attach a separate sheet if necessary .)

Received of Granite State Insurance Company c/o AIG Claim Services, Inc. 1he Lump Sum of SIXTY THOUSAND

dollars and      00/1 00      cents ($ 60,000.00

This payment is received in redemption of the liability ofal! weekly payments now or in the future due me under the Workers'

Compensation Act, for all injuries received by said ROBERT O'SULLIVAN

on or about March 15, 2003      while in 1he employ of Boston Truck Company

I fully understand that after all of the deductions herein I will receive

$ 49,200.00      I am fully satisfied with and request approval of this settlement. This agreement

has been translated for me into my native language of ENGLISH

|  | ADDRESS | ZIP CODE |
|---|---|---|
| CLAIMANT: | Seven Winona Way  Hingham, MA | 02043 |
| CLAIMANT'S COUNSEL: | 15 Walnut Street, Suite 400  WeJlesley, :MA | 02481 |
| INSURER'S COUNSEL: | 52 Temple Place, Boston, MA | 02111 |
| 02111 | Boston, MA | 20 |

Signed thiS"__      day of      JUNE

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICA TE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST* **(Specify all allocations):**

This now 37-year-old had been workillg as a driver/mover for this employer when he was involved in a motor vehicle accident in the course of his employment on or about March 15,2003. The employee sustained injuries to his left arm, neck and lumbar spine and initially was treated conservatively. Subsequently, the employee underwent surgical repair in February of 2004 and has undergone therapy since the surgical date.

Initially, the insurer paid without prejudice for a closed period of disability, as they did not feel the employee had any ongoing disability related to the injury. A claim was made at tbe Department of Industrial Accidents, and following a ConferenGe Order, the insurer appealed, and the employee was evaluated by a Board Impartial physician. When the matter reached a Hearing, the employee was placed on maximum Section 35 benefits and has now been receiving the same for approximately nine months. The case is assumed, and the insurer remains responsible for any reasonable, necessary and causally related medical treatment.

In light of the circumstances of the injury, the employee has a third party claim pending as a result of the auto accident, and the insurer's lien rights remain open under Section 15.

As a result of the injury and the necessity for surgery, a claim has been filed for Social Security Disability Insurance Benefits, and an application is pending. Pursuant to the terms of the settlement, the full legal fee and expenses of $ 10,800.00 is deducted from the $60,000.00 settlement netting the employee $49,200.00. An allocation of $6,000.00 is being made for any permanent loss of function and disfigurement under Section 36 of the Act, and the balance of $43,200.00 is being allocated at $29.67 per week over the employee's 28-year working life expectancy, and this is being done pursuant to Sciarotta.

Considering the length of time in which the employee could collect benefits under the Workers' Compensation Act and considering the employee's post-operative medical care, settlement appears to be in the employee's best interest and counsel for the employee and counsel for the insurer respectfully recommend the same.

*(J J J.. rjl*

i.

**DATE'**

*r,/A/I>'*

DATE ₁

Claimant - ROBERT O'SULLIVAN

C /_{\ (q(

DATE [

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ROBERT O'SULLIVAN,     )
   Plaintiff      )
            )
VS.           )  CIVIL ACTION
            )  NO.  05-CV-10863-GAO
VIRCO, INC., RYDER TRUCK RENTAL, )
INC., AS TRUSTEE OF RYDER TRUCK )
RENTAL LT., and BOBBY E. MCKUNN )
   Defendants     )

## <u>AFFIDAVIT OF PLAINTIFF, ROBERT O'SULLIVAN, IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT</u>

I, Robert O'Sullivan, hereby depose and state under oath the following:

1. I am the plaintiff in the above-referenced tort action.

2. I reside in Hingham, Massachusetts, and have resided in Massachusetts since 1998.

3. On March 15, 2004, I was employed by Boston Truck Company, Inc., located in Quincy, Massachusetts, as a commercial truck driver.

4. On said date, I was operating a 1999 International box truck in the course of my employment for Boston Truck Company, Inc.

5. The trip originated in Quincy, Massachusetts, and I was traveling from Mississippi to Kentucky with a load of antique furniture.

6. At approximately 4:00 p.m., I was involved in a motor vehicle accident on Interstate 40 in or near Memphis, Tennessee.

7. I was traveling in the third travel lane, closest to the shoulder, when my truck was struck by a tractor trailer.

8.      My vehicle was forced off the highway, and my vehicle ended up in the culvert.

9.      I was injured as a result of the accident.

10.     I went to the Emergency Room at the Methodist Hospital in Memphis, Tennessee that day after the accident, where I was treated and released.

11.     My employer, Boston Truck Company, Inc., flew me home two days after the accident.

12.     Excepting the initial emergency room visit, I have received all of my medical treatment and care in Massachusetts.

13.     Trooper Michael Bolton of the Tennessee State Police responded to the accident, and I received a copy of the "Uniform Traffic Crash Report" ("Report") that he completed and filed.

14.     According to the Report, a vehicle owned by Richard Vincent and operated by Bonnie Vincent was involved in the accident, and struck the tractor trailer before the tractor trailer struck my vehicle.

15.     According to the Report, Richard and Bonnie Vincent reside in Bee Spring, Kentucky.

16.     I originally filed a tort claim against Bonnie Vincent, and I settled the claim without having to file a lawsuit for $50,000.00, the limits of her automobile insurance policy with Kemper Auto and Home Group.

17.     According to the Report, the tractor trailer that struck my vehicle was operated by Bobby E. McKunn, who resides in Morrilton, Arkansas.

18.     According to the Report, the tractor trailer was owned by the defendant, Virco Mfg. Co.

19.     According to the Report, the tractor trailer was registered in Illinois.

20.     Because I was in the course of my employment for Boston Truck Company, Inc. at the time of the accident, I also filed a workers' compensation claim in Massachusetts.

21.     I settled my workers' compensation claim in June, 2005, for the lump sum amount of $60,000.00, and the settlement was approved by an Administrative Judge at the Massachusetts Department of Industrial Accident.

22.     Exhibit 1 is a true and accurate copy of the "Agreement" I signed when I settled the workers' compensation claim.

23.     I received written notification in April, 2006 that the workers' compensation insurer for my former employer, Boston Truck Company, Inc., holds a statutory lien on any settlement or judgment against the defendants in the amount of $140,194.46.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25TH DAY OF APRIL, 2006

_____

Robert L. O'Sullivan


## CERTIFICATE OF SERVICE

I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Date: April 26, 2006                              Attorney: Scott D. Peterson

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ROBERT O'SULLIVAN,     )
   Plaintiff       )
             )
VS.           )   CIVIL ACTION
             )   NO.  05-CV-10863-GAO
VIRCO, INC., RYDER TRUCK RENTAL, )
INC., AS TRUSTEE OF RYDER TRUCK )
RENTAL LT., and BOBBY E. MCKUNN )
   Defendants     )

<u>**OPPOSITION OF THE PLAINTIFF, ROBERT O'SULLIVAN, TO
DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE
OF RYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN'S MOTION TO
DISMISS THE PLAINTIFF'S COMPLAINT**</u>

The defendants, Virco, Inc., Ryder Truck Rental, Inc., and Bobby E. McKunn (collectively "defendants"), have moved to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Simply stated, the defendants assert that the plaintiff, Robert O'Sullivan's ("plaintiff") tort action, filed within Massachusetts' three-year statute of limitations, is nonetheless time-barred by virtue of Tennessee's one-year statute of limitations.

The plaintiff respectfully **opposes** the defendants' motion.  In short, the plaintiff asserts that this Court, in this diversity action, should apply Massachusetts' three-year statute of limitations, <u>not</u> Tennessee's one-year limitations period, because: (1) Massachusetts has a "substantial interest" in permitting the plaintiff's negligence claims to go forward; <u>and</u> (2) Massachusetts, <u>not</u> Tennessee, has "a more significant relationship" to the parties and the negligence claims.

In support of his Opposition, the plaintiff respectfully refers this Honorable Court to its Memorandum in Support of Plaintiff's Opposition, as well as the Affidavit of the Plaintiff, Robert O'Sullivan, which are filed herewith and incorporated by reference.

WHEREFORE, the plaintiff, Robert O'Sullivan, respectfully requests that the defendants' Motion to Dismiss be **denied**, that this Court apply Massachusetts' limitations period, and that the plaintiff's negligence claims be decided on their merits.

Respectfully Submitted,
The Plaintiff,
Robert O'Sullivan
By his Attorney,


/s/ Scott D. Peterson
Scott D. Peterson, BBO # 548596
HEALY & HEALY, P.C.
15 Walnut Street
Wellesley Hills, MA  02481
(781) 431-0040 x202

Date: April 26, 2006


## CERTIFICATE OF SERVICE

I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Date: April 26, 2006                    Attorney: Scott D. Peterson

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN, ) | |
|     Plaintiff ) | |
| ) | |
| VS. ) | CIVIL ACTION |
| ) | NO. 05-CV-10863-GAO |
| VIRCO, INC., RYDER TRUCK RENTAL, ) | |
| INC., AS TRUSTEE OF RYDER TRUCK ) | |
| RENTAL LT., and BOBBY E. MCKUNN ) | |
|     Defendants ) | |

## MEMORANDUM OF LAW OF PLAINTIFF, ROBERT O'SULLIVAN, IN SUPPORT OF HIS OPPOSITION TO THE MOTION OF THE DEFENDANTS, VIRCO, INC., RYDER TRUCK RENTAL, INC., AS TRUSTEE OF RYDER TRUCK RENTAL LT. AND BOBBY E. MCKUNN, TO DISMISS THE PLAINTIFF'S COMPLAINT

The Plaintiff, Robert O'Sullivan ("plaintiff"), hereby submits this Memorandum of Law in Support of his Opposition to the Defendants' Motion to Dismiss the Plaintiff's Complaint.

## I.    STATEMENT OF CASE

As a threshold matter, the plaintiff stipulates to the factual averments and procedural history as set forth in the "Factual and Procedural Background" section of the Defendants' Memorandum for the purposes of disposition of this motion. See Pleading # 9, pp. 1-2. The plaintiff additionally supplements the factual record by way of the ancillary Affidavit of Robert O'Sullivan ("Affidavit").

To recap, this tort action follows a three-vehicle accident on Interstate 40 in Tennessee on March 15, 2003. At that time, the plaintiff, a Massachusetts resident, was operating a 1999 International box truck on Interstate 40 in Tennessee. See Affidavit at ¶4. ("Affidavit"). The plaintiff was driving the box truck in the course of his

employment for Boston Truck Company, Inc., a Massachusetts corporation, at the time of the accident.  See Affidavit at ¶¶3-4 .

At the same place, date, and time, the defendant, Bobby E. McKunn ("McKunn"), an Arkansas resident, was operating a tractor trailer.  See Affidavit at ¶¶7,17.  See also Pleading #2, ¶4.  The plaintiff alleges that McKunn was operating the tractor trailer in the course of his employment for the defendant, Virco, Inc. ("Virco").  See Pleading #1.[1] Virco is a Delaware corporation, with a principal place of business in California.  See Pleading #2, ¶2.  The plaintiff alleges that the third defendant, Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental Lt. ("Ryder"), was the registered owner of the tractor trailer that McKunn was operating at the time of the accident.  See Pleading #1.[2]  Ryder is a Florida corporation, with a principal place of business there.  See Pleading #2, ¶3.

Procedurally, on March 17, 2005, the plaintiff filed a Complaint against the defendants in the Plymouth County Superior Court. The Plaintiff alleges, *inter alia*, that: McKunn negligently operated his vehicle, so as to cause or at least contribute to the motor vehicle accident; that Virco, as McKunn's employer, was vicariously liable for McKunn's negligence; and that Ryder was similarly liable for McKunn's negligence, as McKunn was operating a vehicle registered to Ryder.  See Pleading #1.  The defendants removed the case to this Court on April 28, 2005.

The defendants have now moved to dismiss the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Simply put, the defendants contend that the plaintiff's tort

---

[1] Interestingly, McKunn answered that he was without sufficient information to admit or deny whether he was Virco's employee or agent or acting within the scope of his employment or agency at the time of the accident.  See Pleading #2, ¶4.
[2] Ryder answered that it was without sufficient information to admit or deny whether it was the registered owner of tractor trailer operated by McKunn.  See Pleading #2, ¶9.

action is time-barred by virtue of Tennessee's one-year limitations period applicable to personal injury claims.

The plaintiff opposes the defendants' motion. The so-called "functional approach" now followed by Massachusetts in resolving choice-of-law disputes requires that this Court apply Massachusetts' three-year limitations period to this diversity action. This is so because the forum State, Massachusetts, has a "substantial interest" in the instant action and, concomitantly, a "more significant relationship" to the parties and the tort claims than does Tennessee.

II.    **ARGUMENT**

   **A.    The Defendants' Motion to Dismiss Should Be <u>Denied</u>, As Massachusetts' Three-Year Statute of Limitations Controls the Plaintiff's Negligence Claims.**

   **i.  Massachusetts applies a "functional approach" and treats competing statutes of limitations as a choice-of-law question.**

As the defendants correctly point out in their brief, a federal court, hearing a diversity action, must apply the statute of limitations that would be applied by the forum State. *Stanley v. CF-VH Associates, Inc.*, 956 F.Supp. 55 (D.Mass. 1997).

Prior to 1995, Massachusetts followed "the traditional rule of law that characterized statutes of limitations as procedural, and automatically applied the statute of limitations of the forum state." *Nierman v. Hyatt Corp.,* 441 Mass. 693, 696, 808 N.E. 2d 290 (2004). Since the Supreme Judicial Court's holding in *New England Tel. Co. v. Gourdeau Constr. Co*., 419 Mass. 658, 647 N.E. 2d 42 (1995), Massachusetts has utilized a "functional approach." This analysis treats conflicting statutes of limitations as a choice-of-law issue, as stated in the Restatement (Second) of Conflict of Laws §142 (Supp. 1989). *Nierman, supra,* at 696, 808 N.E. 2d 290.

Quoting the Supreme Judicial Court in *Nierman:*

"The *Gourdeau* decision recognized that this language supports the proposition that 'the forum should not entertain a claim when doing so would not advance any local interest and would frustrate the policy of a state with a closer connection with the case and whose statute of limitations would bar the case.'" *Id*. at 696. Stated in affirmative terms, a forum should only apply its own statute of limitations permitting the claim if it 'would advance a substantial forum interest and would not seriously impinge on the interests of other states.'" *Id*. at 696.

In the wake of the *Gourdreau* decision, Massachusetts courts now follow the choice-of-law principles set forth in Section 142 of the Restatement (Second) of Conflict of Laws (Supp. 1989):  Section 142, sub-section (2), as amended in 1988, states:

"(2)    The forum <u>will</u> apply its own statute of limitations permitting a claim <u>unless</u>: (a) the maintenance of the claim would serve **<u>no</u>** <u>substantial interest</u> of the forum; <u>and</u> (b) the claim would be barred under the statute of limitations of a state having a <u>more significant relationship to the parties and the occurrence</u>."  (Emphasis added).

By using the connective "and," the author(s) of Section 142 obviously created a two-prong test.  It is axiomatic, then, that both prongs of the test have to be met before the forum State is required to abandon its own statute of limitations and apply a more restrictive limitations statute of another interested state.

### ii.  Massachusetts has a "substantial interest" in maintaining this action, as compared to Tennessee, so the first part of the test is satisfied.

Converse to the defendants' argument, Massachusetts does indeed have a substantial interest in maintaining this action.  Therefore, the plaintiff can easily satisfy the first prong of the test adopted by Massachusetts' highest court in *Nierman*.

First, as the defendants concede, the plaintiff is a Massachusetts resident.  As acknowledged by the Supreme Judicial Court in *Nierman*, "Massachusetts has a general interest in having its residents compensated for personal injuries suffered in another state." *Id.* at 697.  This Court has described this particular interest as "strong."  ("To be

sure, the state of the plaintiff's domicile does have 'a strong interest' in ensuring that its citizens are adequately compensated for injuries suffered."). *Dean v. Raytheon Corp*., 399 F.Supp. 27,31 (D.Mass. 2005) citing *La Plante v. Am. Honda Motor Co*., 27 F.3d 731,743 (1st Cir. 1994).

Lost on the defendants, Massachusetts' interests in the instant tort action transcend the fact that the plaintiff is a Massachusetts domicile.  As confirmed by his affidavit, the plaintiff was engaged in his employment as a commercial truck driver for Boston Truck Company, Inc., a Massachusetts corporation, at the time of the subject accident.  See Affidavit at ¶¶3-4.  Specifically, although the trip originated in Quincy, Massachusetts, the plaintiff was driving a box truck containing furniture from Mississippi to Kentucky.  See Affidavit at ¶5.   In other words, he was simply driving through Tennessee on an interstate highway.

Third, as the plaintiff was "on the clock" when the motor vehicle accident occurred, the plaintiff was entitled to workers' compensation benefits from his employer's insurer.  The plaintiff, in fact, filed a workers' compensation claim and received benefits under Massachusetts' workers' compensation system, in the form of payment of his medical bills and partial reimbursement of lost wages during the period of time he was disabled.[3]  See Affidavit at ¶20. The plaintiff ultimately settled his workers' compensation claim.  See Affidavit at ¶21.  See also copy of "Agreement for Redeeming Liability By Lump Sum Under G.L. CH. 152 For Injuries Occurring On Or After Nov. 1, 1986, attached as **Exhibit 1**.

In that same vein, the plaintiff's employer's insurer has a statutory lien against any settlement or judgment.  Mass. Gen. Laws, ch. 152, sec. 15.  Pursuant to

---

[3] For what it's worth, the plaintiff is still disabled from all employment.

5

Massachusetts' statutory scheme, the allocation of any settlement or judgment as between the plaintiff and others (i.e. insurer) must be approved by either the Department of Industrial Accidents or a Massachusetts court. *Id*. Therefore, Massachusetts has a further substantial interest in the maintenance of this action.

Federal District Courts within the First Circuit have held that compensation through a state's workers' compensation system is yet another factor to be considered in determining "substantial interests" for the purpose of resolving choice-of-law issues, although these cases admittedly did not involve the resolution of conflicting limitation statutes. *See e.g. Dean, supra*, at 32; *See also, Spencer v. Kantrovitz*, 392 F.Supp. 2d 29, 35 (D.Mass. 2005)(holding that Massachusetts law applied to a New Hampshire plaintiff where the accident occurred in Massachusetts and benefits were paid to the plaintiff from a Massachusetts workers' compensation plan); *King v. Williams Indus., Inc*., 565 F.Supp. 321,424 (D. Mass. 1983, *aff'd*, 724 F.2d 240 (1st Cir. 1984)(holding that Indiana law applied to a Massachusetts plaintiff, where that decedent was employed in Indiana, and the decedent was insured under Indiana's workers' compensation act).

In *Dean*, the plaintiff's husband, a pilot for Colgan Air, perished when the plane on which he served as First Officer crashed off the coast of Cape Cod. The plaintiff, a resident of Texas, brought suit in Massachusetts, seeking punitive damages under Texas' more favorable workers' compensation statute. Texas' workers' compensation statute provides a surviving spouse with a cause of action for punitive damages against an employer whose gross negligence caused the employee's death, whereas Massachusetts' workers' compensation statute bars such claims because the workers' compensation statute represents the exclusive remedy not only for the employee, but also for any family members with claims.

The decedent was a resident of Texas, but working out of Colgan's base of operations in Massachusetts. Colgan provided workers' compensation insurance for the decedent in Massachusetts pursuant to Mass. Gen. Laws, ch. 152, and Colgan filed the decedent's workers' compensation claim in Massachusetts. Finally, Colgan's workers' compensation insurance paid death benefits to the plaintiff.

Colgan moved to dismiss the plaintiff's punitive damages claim, on the ground that Massachusetts had a more significant relationship to the parties and the accident than did Texas. District Judge Saris allowed Colgan's motion. Quoting Judge Saris:

> "In this case, the state of Massachusetts was the location of Colgan's local base of operation (albeit not its headquarters), the alleged wrongful conduct of maintenance and repair, the aircraft crash, Dean's injuries and death, Dean's place of employment, and the airport from which the aircraft departed on the day of the accident. Moreover, Dean's survivors are being compensated through the workers' compensation system in Massachusetts. No other state has a more significant relationship to the parties and the tragic accident." *Id.* at 32-33.

Finally, although a factor discounted by the Supreme Judicial Court in *Nierman* when reversing the Appeals Court's decision[4] on direct appellate review, the plaintiff received virtually all of his medical treatment and care, including surgeries, in Massachusetts.[5] See Affidavit at ¶10. He remains in Massachusetts, disabled from his prior employment as a commercial truck driver.

> **iii. Massachusetts has a "more significant relationship" to the instant litigation than does Tennessee, and the application of Massachusetts' limitations period will not impinge on Tennessee's interests.**

To be sure, a comparative analysis of the Massachusetts' and Tennessee's respective relationships to and interests in this tort action tips decidedly in Massachusetts'

---

[4] *Nierman v. Hyatt Corporation*, 59 Mass. App. Ct. 844, 798 N.E.2d 329 (2003).
[5] The plaintiff was seen at the Emergency Room at the Methodist Hospital in Memphis, Tennessee the morning following the accident before being flown home by his employer.

favor, and, therefore, justify the application of Massachusetts' three-year statute of limitations.

The only nexus between Tennessee and the instant tort action is the fact that the accident occurred on a highway, an interstate highway no less, within Tennessee's borders. None of the three defendants reside or maintain a business there. McKunn resides in Arkansas. Virco is a Delaware corporation, with its principal place of business in California. And Ryder is a Florida corporation. Even the operator of the third vehicle with whom the plaintiff settled his claims, Bonnie Vincent, does not reside in Tennessee. She resides in Kentucky! It is true that a Tennessee State Trooper responded to and investigated the accident and completed a report. However, he is a potential witness, not a party.[6]

It would be a stretch, then, to suggest that the mere fact that the accident occurred within Tennessee's borders, <u>without more</u>, rises to a "significant relationship." Certainly none of the cited cases stand for this proposition. The location of the accident, of course, is an important consideration, but it is not controlling and certainly not outcome-determinative. If the so-called *lex loc delecti* was the dispositive factor in determining which state's substantive law to apply to a diversity claim, then the "functional approach" test would be superfluous, if not meaningless.

The defendants' reliance on *Nierman* in suggesting that Massachusetts courts would apply Tennessee's one-year statute of limitations is misplaced. Simply stated, the facts presented by the instant case are easily distinguishable and, therefore, the *Nierman* decision is <u>not</u> controlling.

---

[6] The State Trooper did not witness the accident, so any evidence he may offer by way of testimony will be limited by hearsay considerations.

In *Nierman*, the plaintiff, a Massachusetts resident, traveled to Texas, and checked into a Hyatt Hotel at the Dallas-Fort Worth Airport. While attempting to board a transport cart on the hotel's property, the plaintiff was knocked to the ground, and was injured. Although Hyatt was incorporated elsewhere, Hyatt nonetheless owned and operated the Texas hotel. Moreover, the hotel employee operating the transport cart, presumably, was a Texas resident.

The plaintiff filed suit in the District Court Department in Massachusetts, but the trial judge dismissed the case, on the ground that the claim was barred by Texas' two-year statute of limitations. The Appellate Division of the District Court reached the same conclusion. The Appeals Court, however, reversed the Appellate Division. The Appeals Court panel reasoned that Massachusetts' more liberal limitations period applied because "Massachusetts has an interest in providing an opportunity for resident plaintiffs to seek compensation for personal injuries" and "the interest of Massachusetts in affording a forum to its resident plaintiffs is not undercut by any interest Massachusetts may have in maintaining comity with a sister State." *Nierman, supra*, 59 Mass. App. Ct. at 848-849.

Hyatt applied for further appellate review, which application was granted, and the Supreme Judicial Court ultimately affirmed the original judgment in Hyatt's favor. The Supreme Judicial Court's holding in *Nierman* no doubt serves as the crux of the defendants' motion and argument.

In *Nierman*, all of the events constituting the alleged negligence occurred in Texas. Here, although the motor vehicle accident occurred within Tennessee's borders, the defendants' argument that "all of the events constituting the alleged negligence

occurred in Tennessee" is speculative.  <u>See</u> Pleading #9 at p. 4.[7]  While this may be true as to one of the defendants, McKunn, it is not necessarily true as to Virco and Ryder. Claims against employers and owners of vehicles entrusted to others who then cause an accident invariably raise the specter of claims predicated on negligent hiring, training, and entrustment, and the acts, conduct, and omissions that can give rise to liability under these types of claims often occur <u>elsewhere</u>, at the defendant's places of incorporation or business for example, and <u>earlier</u> than the injury-causing event.

Even accepting the premise that "all of the events constituting the alleged negligence took place in Tennessee," there are critical, factual distinctions between *Nierman* and the instant case.  First, in *Nierman*, the defendant, Hyatt, owned the hotel in Texas where the accident happened.  Here, neither the three named defendants, nor the putative defendant with whom the plaintiff settled his claims, Bonnie Vincent, reside, are incorporated, or maintain a principal place of business in Tennessee.  Next, in *Nierman*, the operator of the transport cart allegedly responsible for the plaintiff's accident resided in Texas.   Here, the operator of the tractor trailer, McKunn, resides in Arkansas and does not work in Tennessee.  Of import, Arkansas, like Massachusetts, has a three-year statute of limitations for personal injury tort actions.[8]  Finally, in *Nierman*, there was but one defendant, Hyatt, and it had close ties (e.g. ownership of the hotel) to Texas.  Here, there were four putative defendants [McKunn, Virco, Ryder, and Vincent], and <u>none</u> seemingly has ties to Tennessee.

---

[7] Quoting the defendants' Brief:  "All of the events constituting the alleged negligence in the instant action occurred in Tennessee."
[8] Arkansas Code Annotated § 16-56-105 provides, in pertinent part:  "The following actions shall be commenced within three (3) years after the cause of action accrues: (1) All actions founded upon any contract, obligation, or liability not under seal…"

In the end, Hyatt satisfied both parts of the two-part test articulated in Section 142 of the Restatement (Second) and followed by the Supreme Judicial Court in the *Nierman* case. Summarizing the Court's holding, "Texas is the State with the closer connections to the issue," and Massachusetts' "general interest in having its residents compensated for personal injuries suffered in another State" was not as compelling as "Texas' interest in the timeliness of an action" against a Texas property owner. *Id.* at 697.

Conversely, the defendants here have not satisfied <u>either</u> prong of the test, both of which are required before a Massachusetts court is compelled to disregard its own statute of limitations in favor of a case-dispositive limitations period of another state. Massachusetts has a substantial interest in allowing one of its residents, <u>injured on the job</u>, albeit in another state, to be compensated for his injuries, and for his employer's insurer, which paid benefits pursuant to Massachusetts' workers' compensation system, to be reimbursed pursuant to its statutory lien. Just as compelling, Massachusetts, not Tennessee, has a more "significant relationship" by virtue of the fact that no Tennessee domicile or entity was involved in the accident.

Focusing on the conflicting statutes of limitations, certain *dicta* in *Nierman* is instructive. Quoting Justice Greaney in *Nierman:*

> "The Texas Legislature has prescribed a two-year period within which the Niermans could have commenced this action. This time frame reflects its judgment as to the proper balance between the need of <u>its citizens</u> to redress injuries and <u>their right</u> to be protected from protracted exposure to liability." *Id.* at 697-698 (Emphasis added).

Applying this rationale to the instant conflict, the application of Massachusetts' three-year statute of limitations to this suit will not trump or "impinge upon [Tennessee's] interests." Unlike Texas in *Nierman*, none of Tennessee's citizens have claims or are exposed to liability. One of the arguable reasons for Massachusetts' departure from the

traditional rule of automatically applying the limitations of the forum State and adoption of the functional test – to prevent unfairness to defendants caused by forum-shopping for the most advantageous law – would not be frustrated here.

### iv. Other considerations warrant the application of Massachusetts' three-year limitations period to this diversity action.

There are two other important considerations that militate in favor of applying Massachusetts' three-year statute of limitations to this action.

First, Section 142 of the Restatement (Second) of Conflict of Laws (Supp. 1989) additionally provides: "Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6." One of the factors relevant to the choice of the applicable law is "(d) the protection of justified expectations."

Turning then to the defendants' expectations here, it would be a stretch to suggest that Virco and Ryder, by virtue of the nature of their interstate business operations, had a reasonable expectation of being protected from personal injury suits stemming from motor vehicle accidents involving their vehicle fleet and/or employees by virtue of Tennessee's defendant-friendly one-year limitations period.    Ryder, for example, is incorporated in and maintains its principal place of business in Florida, which has a four-year limitations period for commencing "negligence" actions.[9]    The truck driver, McKunn, is the only defendant who *might have had* a legitimate concern about exposure to liability in states with longer limitations periods than Tennessee's.    However, Arkansas, the state of his domicile, similarly has a three-year statute of limitations, so he too has no legitimate complaint.    <u>See</u> Note 8.    In the end, the application of

---

[9] Florida Statutes Annotated Ch. 95.11 states in pertinent part:  "Actions other than for recovery of real property shall be commenced as follows:  (3) Within four years, -- (a) An action founded on negligence.

Massachusetts' three-year statute of limitations period does not expose any of these defendants to liability for a longer period of time than they should have reasonably expected.

Second, as of March 15, 2004, when Tennessee's one-year limitations period expired, the controlling appellate law in Massachusetts was the Appeals Court's decision in *Nierman v. Hyatt Corporation*, 59 Mass. App. Ct. 844, 798 N.E.2d 329 (2003), and this decision justified the plaintiff's reliance on the benefit of Massachusetts' longer statute of limitations. Deciding the conflict here against the backdrop of the Appeals Court's earlier *Nierman* decision, Federal and Massachusetts trial courts, following the Appeals Court's rational, would have almost certainly applied Massachusetts' limitations period over Tennessee's. The pivotal facts there, like here, were that the plaintiffs "[were] not out-of-State forum shoppers" and that the "impact of their injuries will be felt in [Massachusetts]." *Id.* at 848. Justice Cohen also noted that Hyatt, like Virco and Ryder here, had a "significant business presence" in Massachusetts. *Id.* Indeed, the Supreme Judicial Court ultimately reversed the Appeals Court and affirmed the judgment in Hyatt's favor, but not until **May 14, 2004**, <u>after Tennessee's one-year statute of limitations had expired</u>.

*See, e.g. New England Tel. Co. v. Gourdeau Constr. Co., supra*, at 664. (Court was mindful of the fact that New Hampshire had changed the applicable statute of limitations from six-years to three-years "after the contract was entered and shortly before the alleged cause of action arose," but the Court did not need to rely on this fact because other considerations suggested by the Restatement § 142(2)(a) resolved the conflict in favor of the party who would have been prejudiced by the change in law).

III.    **CONCLUSION**

For the foregoing reasons, the plaintiff, Robert O'Sullivan, respectfully requests that this Honorable Court **deny** the Defendants, Virco, Inc., Ryder Truck Rental, Inc., as Trustee of Ryder Truck Rental Lt. and Bobby E. McKunn's Motion to Dismiss the Plaintiff's Complaint, apply the three-year statute of limitations of the forum State, and allow the plaintiff's negligence claims to be decided on their merits.

<div style="margin-left:50%">

Respectfully Submitted,
The Plaintiff,
Robert O'Sullivan
By his Attorney,


/s/ Scott D. Peterson
Scott D. Peterson, BBO # 548596
HEALY & HEALY, P.C.
15 Walnut Street
Wellesley Hills, MA  02481
(781) 431-0040

</div>

Date: April 26, 2006


### CERTIFICATE OF SERVICE

I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Date: April 26, 2006                           Attorney: Scott D. Peterson