UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10863-GAO

ROBERT O'SULLIVAN,
Plaintiff

v.

VIRCO, INC.; RYDER TRUCK RENTAL, INC., as
TRUSTEE OF RYDER TRUCK RENTAL LT; and
BOBBY E. McKUNN,
Defendants.

MEMORANDUM AND ORDER
June 7, 2006

O'TOOLE, D.J.

This case arises out of a three-vehicle accident that occurred on Interstate 40 in Tennessee on March 15, 2003. The plaintiff, a Massachusetts resident, commenced suit in the Massachusetts Superior Court against the driver of another truck, Bobby E. McKunn, as well as McKunn's employer, Virco, Inc., and the registered owner of the vehicle McKunn was driving, Ryder Truck Rental, Inc.

The defendants removed the case to this Court on the basis of the parties' diversity of citizenship and have subsequently moved to dismiss the complaint, arguing that the plaintiff's tort claims are barred by Tennessee's one-year statute of limitations. In response, the plaintiff contends that the three-year Massachusetts statute of limitations governs the case, and that his claims were filed within the relevant limitations period. There is no question that the action is barred if the Tennessee statute is applied, but is timely if the Massachusetts statute is applied.

In diversity actions, federal courts apply the statute of limitations that would be applied by the forum State. See Stanley v. CF-VH Assocs., 956 F. Supp. 55, 57 (D. Mass. 1997). The Massachusetts courts employ a "functional" approach to statute of limitations issues, as to other choice of law questions. See New England Tel. & Tel. Co. v. Goudreau Constr. Co., 647 N.E.2d 42, 45-46 (Mass. 1995). Following the Restatement (Second) of Conflict of Laws § 142 (Supp. 1989), Massachusetts courts will ordinarily apply the Massachusetts statute of limitations to permit a claim unless "(a) maintenance of the claim would serve no substantial interest of the forum; and (b) the claim would be barred under the statute of limitations of a [S]tate having a more significant relationship to the parties and the occurrence." See Nierman v. Hyatt Corp., 808 N.E.2d 290, 292 (Mass. 2004) (quoting Restatement).

In this case, maintenance of the claim would serve substantial interests of Massachusetts. The plaintiff is a Massachusetts resident who seeks compensation for injuries alleged to have been tortiously caused by the defendants. As an employee of a Massachusetts employer, he has received benefits under the Massachusetts workers' compensation regime. The employer's workers' compensation insurer will likely, in the event of the plaintiff's success in the action, be able to recoup some of its payments by way of subrogation. Massachusetts thus has two distinct interests: an interest in the personal welfare of one of its residents and an interest in the effectiveness of its workers' compensation apparatus. As to the other pertinent factor, applying the Massachusetts limitations period would not "frustrate the policy of a [S]tate with a closer connection with the case and whose statute of limitations would bar the claim." Goudreau, 647 N.E.2d at 44 (citing Restatement (Second) of Conflict of Laws §142 cmt. g (Supp. 1989)). Though the accident giving rise to the plaintiff's claims occurred in Tennessee, none of the parties is (or was at the time) a

resident of Tennessee. Defendant McKunn is a resident of Arkansas, Virco is a Delaware corporation with its principal place of business in California, and Ryder Truck Rental is a trust formed under the laws of the State of Delaware with its principal place of business in Florida. While Tennessee is the *locus delicti*, it has no real interest in the outcome of the case. Arkansas, Delaware, California and Florida may all have an interest in protecting their residents from stale claims,[1] but none of them can be said to have a *more* significant relationship to the case than has Massachusetts.

In a case like this, where all of the parties hail from different States and the accident has occurred in a State to which no party has a significant connection, it is difficult to say that any particular State has the "most significant relationship" to the parties and the occurrence. Under these circumstances, it is proper to apply the forum State's statute of limitations. This conclusion finds support in the Restatement itself. See Restatement (Second) of Conflict of Laws §142 cmt. g (Supp. 1989).[2]

---

[1] California and Delaware have two-year statutes of limitations. Arkansas, like Massachusetts, has a three-year statute of limitations, and Florida's statute of limitations is four years.

[2] Comment g to § 142 addresses circumstances very like those present in this case:

> There are also situations where the forum will entertain an action that is not barred by its statute of limitations even though the forum is not the state of most significant relationship to other issues. Suppose, for example, that two domiciliaries of state X are involved in an automobile accident in state Y. In this case, the local law of state Y may govern substantive issues in the case under the rule stated in § 146. Yet it would be appropriate for an X court to entertain the claim if it was not barred by the X statute of limitations even though it would be barred by the Y statute. Entertainment of the claim under such circumstances would not violate any Y policy and might further the policy of X. The same would be true if the accident in state Y had involved domiciliaries of states X and Z and, although the statute of limitations had run in Y, it had not done so in either X or Z. In such a case, it would be appropriate for a court of either X or Z to entertain the claim.

See Restatement (Second) of Conflict of Laws § 142 cmt. g (Supp. 1989).

The Massachusetts Supreme Judicial Court's decision in Nierman does not require a contrary result. In Nierman, a Massachusetts couple had traveled to Texas and were registered guests at the Hyatt Regency Hotel at the Dallas-Fort Worth Airport. While they were staying at the hotel, Mrs. Nierman was injured when she allegedly was knocked to the ground while climbing aboard a transport cart on the hotel property. The Niermans asserted that the employee driving the cart negligently accelerated without first checking to make sure Mrs. Nierman was seated. Nierman, 808 N.E.2d at 291.

Three years after the accident, the Niermans filed a complaint against the Hyatt Corporation. In its answer, Hyatt raised the defense that the Nierman's negligence claims were barred by the Texas two-year statute of limitations. See id. Agreeing, the trial judge granted summary judgment in favor of Hyatt.

On appeal, the Supreme Judicial Court affirmed. While recognizing that Massachusetts had a "general interest in having its residents compensated for personal injuries suffered in another State," the court found that Texas had a more significant relationship to the case. Id. at 293-94. Not only had the accident occurred in Texas, but the court found it significant that the defendant, Hyatt, owned and operated the property in Texas where the accident took place and employed Texans in that enterprise, presumably including the operator of the cart whose alleged negligence led to Mrs. Nierman's injuries. See id. Because no such nexus between the defendants and the *locus*

*delicti* of the accident is present in the instant case, the Supreme Judicial Court's holding in <u>Nierman</u> does not alter my conclusion that the Massachusetts three-year statute of limitations should govern.

In sum, under the Restatement approach adopted by the Massachusetts courts, the default rule is that the forum's statute of limitations should be applied unless maintenance of the claim would serve no substantial interest of the forum and the claim would be barred under the statute of limitations of a State having a more significant relationship to the parties and the occurrence. While the interest Massachusetts has in this case might not be the most "substantial" that could be conceived, no other State has a more significant relationship to the parties and the events which took place. The Massachusetts three-year statute of limitations therefore applies. That being so, the plaintiff's action is timely, and the defendants' motion to dismiss is DENIED.

It is SO ORDERED.


June 7, 2006                                              \s\ George A. O'Toole, Jr.
DATE                                                       DISTRICT JUDGE