UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN,<br>   Plaintiff<br><br>V.<br><br>VIRCO, INC., RYDER TRUCK RENTAL,<br>INC., AS TRUSTEE OF RYDER TRUCK<br>RENTAL LT., and BOBBY E. MCKUNN<br>   Defendants | CIVIL ACTION<br>NO. 05-CV-10863-GAO |

# PLAINTIFF'S CERTIFICATIONS
# PURSUANT TO LOCAL RULE 7.1(A)(2)
# and FED. R. CIV. P. 37(a)(2)(A)

  Pursuant to Local Rule 7.1(A)(2) and Fed. R. Civ. 37(a)(2)(A), the plaintiff, Robert O'Sullivan, through his counsel, has attempted to resolve this discovery dispute short of a motion.

  Specifically, the plaintiff's counsel sent two letters and e-mails to the defendants' counsel requesting that he clarify certain objections to comply with Fed. R. Civ. P. 26(b)(5) and produce additional documents responsive to the plaintiff's written discovery requests. In response, the defendants' counsel repeatedly promised to serve supplement responses on October 27, 2006 (letter), April 24, 2007 (e-mail); May 2, 2007 (e-mail), and May 25, 2007 (e-mail). The defendants' counsel finally served a Supplemental Document Response on June 1, 2007, but it did not include the specific documents or categories of documents addressed in the plaintiff's motion.

  Following receipt of the Defendant, Virco's Supplemental Document Response on June 4, 2007, the plaintiff's contacted the defendants' counsel by telephone and left a voice mail message requesting he contact the plaintiff's counsel to discuss the completeness of the defendants'

discovery response. The plaintiff's counsel memorialized this request by way of an e-mail on June 6, 2007, as well as a detailed letter, which was sent via facsimile on June 6, 2007. The defendants' counsel responded by e-mail on June 8, 2007, indicating that he would "advise as to your specific further documents requests after consultation with my client." The plaintiff's counsel asserts that he has waited patiently and long enough for these records, has taken all reasonable measures to obtain the documents short of drafting and filing a motion, and that a Court Order is needed to resolve this discovery dispute.

                Respectfully Submitted,
                The Plaintiff,
                Robert O'Sullivan
                By his Attorney,

                /s/ Scott D. Peterson
                HEALY & HEALY, P.C.
                15 Walnut Street
                Wellesley Hills, MA  02481
                (781) 431-0040 x202
                speterson@healyhealy.com

Dated:   June 12, 2007

### CERTIFICATE OF SERVICE

I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  June 12, 2007                /s/ Scott D. Peterson
                                        Healy & Healy, P.C.

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN,<br>　　　Plaintiff<br><br>V.<br><br>VIRCO, INC., RYDER TRUCK RENTAL,<br>INC., AS TRUSTEE OF RYDER TRUCK<br>RENTAL LT., and BOBBY E. MCKUNN<br>　　　Defendants | CIVIL ACTION<br>NO. 05-CV-10863-GAO |

# PLAINTIFF'S CERTIFICATIONS
# PURSUANT TO LOCAL RULE 7.1(A)(2)
# and FED. R. CIV. P. 37(a)(2)(A)

Pursuant to Local Rule 7.1(A)(2) and Fed. R. Civ. 37(a)(2)(A), the plaintiff, Robert O'Sullivan, through his counsel, has attempted to resolve this discovery dispute short of a motion.

Specifically, the plaintiff's counsel sent two letters and e-mails to the defendants' counsel requesting that he clarify certain objections to comply with Fed. R. Civ. P. 26(b)(5) and produce additional documents responsive to the plaintiff's written discovery requests. In response, the defendants' counsel repeatedly promised to serve supplement responses on October 27, 2006 (letter), April 24, 2007 (e-mail); May 2, 2007 (e-mail), and May 25, 2007 (e-mail). The defendants' counsel finally served a Supplemental Document Response on June 1, 2007, but it did not include the specific documents or categories of documents addressed in the plaintiff's motion.

Following receipt of the Defendant, Virco's Supplemental Document Response on June 4, 2007, the plaintiff's contacted the defendants' counsel by telephone and left a voice mail message requesting he contact the plaintiff's counsel to discuss the completeness of the defendants'

discovery response. The plaintiff's counsel memorialized this request by way of an e-mail on June 6, 2007, as well as a detailed letter, which was sent via facsimile on June 6, 2007. The defendants' counsel responded by e-mail on June 8, 2007, indicating that he would "advise as to your specific further documents requests after consultation with my client." The plaintiff's counsel asserts that he has waited patiently and long enough for these records, has taken all reasonable measures to obtain the documents short of drafting and filing a motion, and that a Court Order is needed to resolve this discovery dispute.

        Respectfully Submitted,
        The Plaintiff,
        Robert O'Sullivan
        By his Attorney,

        /s/ Scott D. Peterson
        HEALY & HEALY, P.C.
        15 Walnut Street
        Wellesley Hills, MA  02481
        (781) 431-0040 x202
        speterson@healyhealy.com

Dated:   June 12, 2007

## CERTIFICATE OF SERVICE

    I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  June 12, 2007        /s/ Scott D. Peterson
                                             Healy & Healy, P.C.

2

3