UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN,  ) | |
|     Plaintiff  ) | |
| ) | |
| VS.  ) | CIVIL ACTION |
| ) | NO.  05-CV-10863-GAO |
| VIRCO, INC., RYDER TRUCK RENTAL,  ) | |
| INC., AS TRUSTEE OF RYDER TRUCK  ) | |
| RENTAL LT., and BOBBY E. MCKUNN  ) | |
|     Defendants  ) | |

**MOTION OF THE PLAINTIFF, ROBERT O'SULLIVAN, TO COMPEL
FURTHER DISCOVERY FROM THE DEFENDANTS,
VIRCO, INC. AND BOBBY E. MCKUIN**

NOW COMES the plaintiff, Robert O'Sullivan, and hereby moves for an Order compelling the defendants, Virco, Inc., ("Virco") and/or Bobby E. McKuin ("McKuin) (collectively "defendants") to produce additional documents pursuant to Fed. R. Civ. P. 37(2)(B).  The requisite Certification pursuant to Rule 37(a)(2)(B) and Local Rule 7.1(A)(2) is included with this filing.

**Statement of the Case**

By way of background, this tort action follows a three-vehicle accident on Interstate 40 in Tennessee on March 15, 2003.

The plaintiff, while in the course of his work for a Massachusetts employer, was operating a box truck on Interstate 40, a six-lane highway, just outside of Memphis, Tennessee.

At the same place, date, and time, the defendant, Bobby E. McKuin ("McKuin"), was operating a tractor trailer.  McKuin was operating the tractor trailer in the course of his employment for the defendant, Virco.

At the same place, date, and time, Bonnie Vincent ("Vincent") was operating a vehicle owned by her husband, a front-seat passenger who was asleep. Vincent is not a party to this litigation.

Just before the accident, Vincent was driving in the lane closest to the median separating the East-bound and West-bound lanes. McKuin was driving in the middle lane. The plaintiff was driving in the lane closest to the shoulder.

Cutting to the chase, Vincent fell asleep at the wheel, and her vehicle allegedly came into contact with McKuin's tractor trailer. Although Virco and McKuin dispute the plaintiff's account, the plaintiff alleges McKuin's tractor trailer swerved into his lane, came into contact with his box truck, and forced his vehicle off the road and down into a ditch. When the plaintiff's vehicle came to an abrupt stop in the mud, the plaintiff's torso was jettisoned over the steering wheel. The plaintiff sustained a herniated cervical disc, which ultimately required surgical intervention. The plaintiff remains disabled and unable to work in any capacity as a result of his injuries.

**Procedural History**

On March 17, 2005, the plaintiff filed a Complaint against the defendants in State Court. The Plaintiff alleged, *inter alia*, that McKuin negligently operated his vehicle, so as to cause or at least contribute to the motor vehicle accident and that Virco, as McKuin's employer, is vicariously liable for McKuin's negligence. See Pleading #1. The defendants removed the case to this Court on April 28, 2005.

The defendants moved to dismiss the plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Simply put, the defendants argued that the plaintiff's tort action was time-barred by virtue of Tennessee's one-year limitations period applicable to personal injury claims. The plaintiff opposed the defendant's motion, asserting that Massachusetts'

three-year statute of limitations controlled. This Court agreed with the plaintiff, and denied the defendants' motion.

### Synopsis of Discovery Dispute

During the course of discovery, the plaintiff served Virco and McKuin with written discovery requests, including a Rule 34 document request. The plaintiff requested, *inter alia*: *(i) "copies of all statements taken or provided by McKuin relative to this incident," (ii) "copies of all statements of witnesses to this incident," (iii) a true, accurate, and complete copy of the personnel file of McKuin," (iv) "all documents relating to the vehicle operated by McKuin involved in the incident, including but not limited to any trucking logs, work journals, bills of lading, delivery records/schedules that relate to or include the time period March 15, 2003," (v) "a copy of any and all practices, policies, and/or procedures that were in effect and applicable to the vehicle operated by McKuin at the time of the incident, including but not limited to employment handbooks or manuals,"* <u>and</u> *(vi) "a copy of any and all training materials, manuals, policies, booklets, and/or instructions given to and/or received by McKuin regarding the operation of the subject vehicle."*

Virco and/or McKuin have failed and/or refused to produce certain documents responsive to these requests. In some cases, Virco and McKuin objected. In other cases, Virco agreed to supplement their responses at a later date.[1]

The plaintiff, by virtue of deposing McKuin, who is no longer employed by Virco, has established that documents responsive to these requests do, in fact, exist. The

---

[1] Virco, through its counsel, served a Supplemental Document Response dated June 1, 2007 and received on June 4th, after the plaintiff's counsel had completed drafting the instant motion. Virco has finally produced some documents requested by the plaintiff, but Virco's discovery obligations remain incomplete.

plaintiff now moves to compel Virco and/or McKuin to produce any and all responsive documents.

## Argument

**(i)    McKuin's Statement(s) to Virco**

Both McKuin and Virco objected to the voluntary production of any statements provided by McKuin. Specifically, McKuin and Virco objected on the grounds that any statements were prepared in anticipation of litigation, are protected by the attorney/client privilege, and constitute work product.

Converse to the requirements of Fed. R. Civ. P. 26(b)(5), neither Virco nor McKuin identified and reasonably described any statements responsive to the request that they were withholding as privileged, so as to even allow the plaintiff to "assess the applicability of the privilege or protection. They simply objected.

The plaintiff's counsel wrote Virco's and McKuin's counsel <u>twice</u> requesting clarification regarding any statements provided by Virco and details relative to the statement, so the plaintiff's counsel could assess the merits of Virco's and McKuin's objection.[2]    The defendants' counsel responded by letter dated October 27, 2006, indicating that Virco has no "witness statements."

The plaintiff deposed McKuin in Conway, Arkansas on August 1, 2006. He was specifically asked about statements at his deposition. This colloquy followed:

> *Q. Do you ever recall giving—sitting down and giving an interview or a recorded statement to anybody at Virco?*[3]
> *A. I don't know if I did. Yeah. I think I went in there and I did that.*
> *Q. When was that?*
> *A. When I got back on Wednesday or Thursday or whatever.*
> *Q. And how did they take your statement?*

---

[2] Specifically, the plaintiff's counsel wrote the defendants' counsel on July 19, 2006 and August 22, 2006.
[3] McKuin's counsel objected to this question.

4

> *A. Just like we talking here.*
> *Q. Did somebody write something down?*
> *A. Yes.*
> *Q. Who was that person?*
> *A. I think it was Susie Ash.*
> *Q. But was she writing stuff down?*
> *A. Yes.*
> *Q. How long did the statement last?*
> *A. 15 minutes.*[4]

According to McKuin, Virco indeed has a statement from McKuin that is clearly responsive to the plaintiff's request. McKuin provided a statement to another Virco employee only four or five days after the accident, when the events relative to the accident were certainly fresher in his mind.

As a threshold matter, Virco and McKuin have effectively waived any otherwise valid objections to producing McKuin's statement because they failed to comply with Fed. R. Civ. P. 26(b)(5). Specifically, Virco and McKuin did not comply with the rule by failing to identify and reasonably describe any withheld documents responsive to the plaintiff's document request.

"A party may not simply claim that materials have been prepared in anticipation of litigation; it must specify the basis for the objection and the items of work product involved." Matthew Bender, *Moore's Federal Practice*, § 26.15[2], (2nd ed. 1996-1997); See also *Sham v. Hyannis Heritage House Hotel, Inc.*, 118 F.R.D. 24 (D. Mass. 1987) (Conclusory allegation that report was prepared in anticipation of litigation was insufficient to invoke work product protection, since a party must advance facts showing the circumstances of the preparation of the materials).

---

[4] McKuin's Depo. Trans. at pp. 185-186.

Virco's and McKuin's failure to comply with the rules is compounded by the fact that the plaintiff's counsel brought this oversight to the attention of Virco's and McKuin's counsel, yet they still failed to remedy their nonfeasance. See Footnote 2.

Next, the objections asserted by Virco and McKuin in withholding the statement are unavailing under the circumstances. To be sure, the statement was not "prepared in anticipation of litigation." Virco obtained the statement within a week of the accident, well before the date that the plaintiff's counsel forwarded a letter of representation to Virco – July 28, 2003 – and certainly well before suit was filed.

Third, even assuming Virco's and McKuin's objection is valid, the plaintiff can nonetheless satisfy the so-called "substantial need/undue prejudice" test, which can trump the privilege. McKuin testified that he reviewed the statement to prepare for his deposition.[5] "If a witness uses work product to refresh his recollection prior to the taking of a deposition, Evidence Rule 612 may make the materials discoverable in order to effectuate effective cross examination." See *In re Atlantic Fin. Mgmt. Sec. Litig.*, 121 F.R.D. 141 (D. Mass. 1988); *In re Comair Air Disaster Litig.*, 100 F.R.D. 350 (E.D. Ky. 1983).

Even more compelling an argument, McKuin admitted at his deposition that his memory was markedly better when he gave the statement than when he submitted to a deposition. Quoting McKuin's from his August, 2006 deposition:

> *Q. Is it fair to say the information about the accident was fresh on your mind at that point in time?*
> *A. It was a hell of a lot fresher than it is now.*[6]

---

[5] McKuin's Depo. Trans. at p. 9.
[6] McKuin's Depo. Trans. at pp. 185-186.

As noted by the authors of Moore's Federal Practice, "statements contemporaneously with the occurrence are in a sense unique and cannot be duplicated by later interviews or depositions. See e.g. *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475 (M.D.N.C. 1990) (Statement taken from truck driver by insurance adjuster on the day of the accident, even if work product, could be discovered by motorist, since there was no way to obtain the equivalent contemporaneous account of the accident). As additionally noted by the authors: "Courts have also ordered production of a prior statement when it was shown that the witnesss was hostile, had given inconsistent testimony, or had suffered a lapse of memory." See e.g. *Teribery v. Norfolk & W. Ry. Co.*, 68 F.R.D. 46 (W.D. Pa. 1975) (In wrongful death action involving accident at grade crossing, contemporaneous statements taken by railroad from employees were discoverable after employees admitted lack of recall on deposition.

Finally, equally unavailing are Virco's and McKuin's objections that the statement is protected by the attorney/client privilege or qualifies as Virco's work product. First, the statement was obtained by another Virco employee, not by or on behalf of Virco's counsel. Moreover, it would be a stretch to suggest that the statement qualifies as work product, as it was generated well before even the hint of litigation.

**ii.   Witness Statements**

McKuin and Virco similarly objected to the voluntary production of any witness statements. Specifically, McKuin and Virco objected on the grounds that any witness statements were prepared in anticipation of litigation, are protected by the attorney/client privilege, and constitute work product.

Once again, converse to the requirements of Fed. R. Civ. P. 26(b)(5), neither Virco nor McKuin identified and reasonably described any witness statements responsive

to the request that they were withholding as privileged. Again, they simply objected. Needless to say, absent a reasonable description of any witness statements, the plaintiff is at a disadvantage in compelling the discovery of the statement.

Fed R. Civ. P. 26(b)(5) states: *"When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected will enable other parties to assess the applicability of the privilege or protection."*

The plaintiff is entitled to any witness statements obtained by McKuin or Virco or [on their behalf by any insurer] for the simple reason that Virco and McKuin ignored the requirements of Fed. R. Civ. P. 26(b)(5) when they failed to identify and reasonably describe witness statements withheld as privileged.

### iii. McKuin's Personnel File

The plaintiff requested a complete copy of McKuin's personnel file. Virco objected to the production of any documents responsive to this request, on the grounds that the contents of McKuin's file are irrelevant and immaterial to the issues in the case, and would require Virco to release personal, confidential, and/or medical documentation.

The plaintiff takes exception to Virco's objection and, in particular, Virco's unilateral and self-serving determination that McKuin's personnel file is irrelevant or immaterial. Converse to Virco's assertion, documents within McKuin's personnel file may well have some bearing on McKuin's fitness and experience to operate a tractor trailer, a federally-regulated occupation. More specifically, McKuin's experience as a truck driver before he was hired by Virco, any testing and/or training he received while

employed by Virco, his health and physical fitness both when he was hired and at the time of the subject accident, his driving record, and his performance reviews are all highly probative of both McKuin's potential independent liability to the plaintiff and Virco's potential direct and vicarious liability to the plaintiff.

One or more documents within McKuin's personnel file are highly probative of which "Virco" entity was his *de jure* employer at the time of the subject accident. While McKuin admitted in responding to a Rule 36 admission request that "Virco, Inc." was his employer, some documents produced by Virco suggested "Virco Manufacturing Co." employed McKuin.

While certain documents within McKuin's personnel file may ultimately be deemed irrelevant and material, they are nonetheless discoverable. "Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence." Matthew Bender, *Moore's Federal Practice*, § 26.07[1] (2nd ed. 1996-1997). Whether documents are ultimately admissible at trial is not the standard of review for relevancy during the discovery stage. See, e.g. *Schuurman v. Town of North Reading*, 139 F.R.D. 276 (D. Mass. 1991) (Allowing discovery of plaintiff's probation records, court noted that objections to the tendency of the evidence to prejudice or confuse the jury should be raised at trial, rather than during discovery).

Most federal courts, including those within the First Circuit, have placed the burden of showing that requested information and/or documents is not relevant on the party resisting discovery. See, e.g. *Flag Fables, Inc. v. Jean Ann's Country Flags & Crafts, Inc.*, 730 F.Supp. 1165 (D.Mass. 1989) (Party resisting discovery has the burden of showing sufficient reason why it should not be allowed); *Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384 (N.D. Ill. 1990). Here, the burden is on Virco and McKuin to show

9

why McKuin's personnel file is not "reasonably calculated to lead to the discovery of admissible evidence." Simply put, they can not meet this burden.

In the end, absent some showing the documents are patently irrelevant, Virco should be compelled to produce McKuin's complete personnel file. Of course, by producing documents in response to discovery, the defendants are not waiving any valid objections as to their relevancy and admissibility. Whether they are ultimately relevant and material and therefore admissible at trial is exclusively the Court's call. See, generally, *Springer v. Seamen*, 821 F.2d 871 (1st Cir. 1987). If indeed Virco has concerns about violating McKuin's right to privacy or disclosing medical records protected by HIPPA, then Virco can produce the file to the Court and request an *in camera* review before disseminating any private or privileged information or documentation to the plaintiff.

**iv.    McKuin's Log, Trip Report, Pre-Trip Inspection Report, & Bills of Lading.**

The plaintiff requested McKuin's Driver's Log, Trip Report, Pre-Trip Inspection Report and Bill(s) of Lading for the trip during which the subject accident occurred. Federal law, specifically regulations promulgated by the Department of Transportation, require truck drivers and their employers to generate, maintain, and retain these records.

Virco did not assert specific objections regarding these documents. Instead, Virco responded: *The Defendant is searching its records in response to this Request and reserves the right to supplement this Response*. As noted in footnote 1, Virco served a Supplemental Document Response dated June 1, 2007, in which it produced some of the documents described by McKuin at his deposition. Noticeably absent, however, is McKuin's Driver's Log.

There is no question these records indeed exist. At his deposition, McKuin testified that he did in fact perform a pre-trip inspection of both the tractor and trailer assigned to him at the time of the accident.[7] In addition, he testified that he was provided and completed both a trip report and a driver's log during the course of the trip.[8] Finally, he testified that he received a bill of lading, which he turned in to Virco to get paid.[9] It is axiomatic that the plaintiff is entitled to these records.

In order to tie up loose ends and to press for these outstanding records, the plaintiff, through his counsel, noticed Virco's deposition pursuant to Fed. R. Civ. 30(b)(6). In addition to a topical schedule, the plaintiff specifically requested the following documents specifically identified by McKuin at his August, 2006 deposition:

   5.   The "bill(s) of lading" submitted by McKuin to Virco, as described at pp. 28-29, 62, 99 of McKuin's transcript.
   6.   The "trip report(s)" submitted by McKuin to Virco, as described at pp. 28-29, 62, 99 of McKuin's transcript.
   7.   The "driver's log(s) submitted by McKuin to Virco, as described at pp. 28-29, 62, 99 of McKuin's transcript.
   8.   The "pre-trip inspection report(s) submitted by McKuin to Virco, as described at p. 105 of McKuin's transcript.

Although Virco has yet to submit to a deposition, the defendants' counsel repeatedly promised to supplement discovery. By letter dated October 27, 2006, the defendants' counsel wrote: *"We intend to supplement the Defendant Virco's response…"* By e-mail dated April 24, 2007, the defendants' counsel wrote: *"I expect to have defendants' supplemental responses out to you by the end of the week."* By e-mail dated May 2, 2007, the defendants' counsel wrote: *"I am working on supplementing Virco's document response and hope to have it to you shortly."* Most recently, by e-mail dated

---

[7] McKuin's Depo. Trans. at p. 105.
[8] McKuin's Depo. Trans. at p. 28-29, 62, 99.
[9] McKuin's Depo. Trans. at p. 28-29, 62, 99.

May 25, 2007, the defendants' counsel wrote: "*Virco's Supplemental Response will go out next week.*"

As acknowledged above, Virco's counsel finally served a Supplemental Document Response, but not until June 1, 2007. As noted above, however, Virco still has not produced McKuin's Driver's Log, which is required by Virco's Driver's Handbook." Page 14 of the Handbook, one of the documents just produced by Virco, states: "Drivers must keep a log for each day." Page 27 of the Handbook represents a sample "Driver's Daily Log."

There is absolutely no justification for Virco's failure or refusal to produce McKuin's Driver's Log. Moreover, Virco's failure to explain its omission is similarly inexcusable.

v.  **Employment Handbook & Training Materials**

Finally, Virco produced a copy of the "Virco Employee Handbook," albeit not until June 1, 2007, sixteen (16) months after it was first requested. However, Virco has yet to produce copies of any training materials given to or received by McKuin relative to operating tractor trailers while employed by Virco.

McKuin was questioned at his August, 2006 deposition as to any in-house training he received while employed by Virco. Toward that end, McKuin testified as follows:

> Q. Now, have you ever attended a truck driving school?
> A. A school, no. Saw a lot of films on safety and stuff.
> Q. And that was shown by your various trucking employers:
> A. By Virco.[10]
>
> Q. All right. And you think there were two mandatory films a year?
> A. Yeah. I'm sure I went to that many.

---
[10] McKuin's Depo. Trans. at p. 23.

12

> Q.   Each and every year you worked for them.
> A.   It might not have been the first years.  But when that CDL came out they really got with the program.[11]

As stated above, the plaintiff noticed Virco's deposition pursuant to Fed. R. Civ. P. 26(b)(3) to ascertain more information regarding McKuin's training.  See Exhbit B.  The topical schedule included:  *No. 24 The titles of any and all videos and/or DVDs relating to the safe operation of tractor trailer trucks that Virco employees whose responsibilities included the operation of tractor trailers were required to view as employees of Virco and/or Virco Manufacturing, Inc., as described at pp. 23, 38, 46, 49 of McKuin's deposition transcript, including the titles, copyright dates, producers, and distributors*.

The plaintiff is unequivocally entitled to the requested information.  Of course, any training McKuin received, evidently here videotapes and/or DVDs McKuin and other Virco drivers were required to view as a condition to their continued employment, is directly relevant to the sufficiency and reasonableness of Virco's training and supervision of McKuin and, ultimately, Virco's potential direct liability to the plaintiff.

WHEREFORE, the plaintiff, Robert O'Sullivan, respectfully requests that the Court issue an Order compelling the defendants to produce the documents within fifteen (15) business days from the date of the Court's Order.  Specifically, the plaintiff requests an Order that Virco be required to produce:  (1) McKuin's statements to Virco, its insurer, or other representatives;  (2) witness statements, if any;  (3) a complete and unredacted copy of McKuin's personnel file;  (4) McKuin's "Driver's Log" and any other documents generated or maintained by McKuin during the subject accident trip not

---

[11] McKuin's Depo. Trans. at p. 49.

already produced; and (5) a list of any and all training materials, including videotapes and/or DVDs, that McKuin was required to view during his employment tenure with Virco.

                                                                              Respectfully Submitted,
The Plaintiff,
Robert O'Sullivan
By his Attorney,

/s/ Scott D. Peterson
Scott D. Peterson, BBO # 548596
HEALY & HEALY, P.C.
15 Walnut Street
Wellesley Hills, MA  02481
(781) 431-0040 x202
speterson@healyhealy.com

Dated:   June 12, 2007


**CERTIFICATE OF SERVICE**

      I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated:  June 12, 2007                                        /s/ Scott D. Peterson
                                                                             Scott D. Peterson, BBO # 548596

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT O'SULLIVAN,<br>　　　Plaintiff<br><br>V.<br><br>VIRCO, INC., RYDER TRUCK RENTAL,<br>INC., AS TRUSTEE OF RYDER TRUCK<br>RENTAL LT., and BOBBY E. MCKUNN<br>　　　Defendants | CIVIL ACTION<br>NO. 05-CV-10863-GAO |

# PLAINTIFF'S CERTIFICATIONS
# PURSUANT TO LOCAL RULE 7.1(A)(2)
# and FED. R. CIV. P. 37(a)(2)(A)

Pursuant to Local Rule 7.1(A)(2) and Fed. R. Civ. 37(a)(2)(A), the plaintiff, Robert O'Sullivan, through his counsel, has attempted to resolve this discovery dispute short of a motion.

Specifically, the plaintiff's counsel sent two letters and e-mails to the defendants' counsel requesting that he clarify certain objections to comply with Fed. R. Civ. P. 26(b)(5) and produce additional documents responsive to the plaintiff's written discovery requests. In response, the defendants' counsel repeatedly promised to serve supplement responses on October 27, 2006 (letter), April 24, 2007 (e-mail); May 2, 2007 (e-mail), and May 25, 2007 (e-mail). The defendants' counsel finally served a Supplemental Document Response on June 1, 2007, but it did not include the specific documents or categories of documents addressed in the plaintiff's motion.

Following receipt of the Defendant, Virco's Supplemental Document Response on June 4, 2007, the plaintiff's contacted the defendants' counsel by telephone and left a voice mail message requesting he contact the plaintiff's counsel to discuss the completeness of the defendants'

discovery response. The plaintiff's counsel memorialized this request by way of an e-mail on June 6, 2007, as well as a detailed letter, which was sent via facsimile on June 6, 2007. The defendants' counsel responded by e-mail on June 8, 2007, indicating that he would "advise as to your specific further documents requests after consultation with my client." The plaintiff's counsel asserts that he has waited patiently and long enough for these records, has taken all reasonable measures to obtain the documents short of drafting and filing a motion, and that a Court Order is needed to resolve this discovery dispute.

        Respectfully Submitted,
        The Plaintiff,
        Robert O'Sullivan
        By his Attorney,

        /s/ Scott D. Peterson
        HEALY & HEALY, P.C.
        15 Walnut Street
        Wellesley Hills, MA  02481
        (781) 431-0040 x202
        speterson@healyhealy.com

Dated:   June 12, 2007

## CERTIFICATE OF SERVICE

I, Scott D. Peterson, counsel for the Plaintiff, Robert O'Sullivan, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  June 12, 2007        /s/ Scott D. Peterson
        Healy & Healy, P.C.

2

3